CASE 31—PETITION EQUITY—MARCH 25.

# Henderson, &c., v. Perkins.

### APPEAL FROM EDMONSON CIRCUIT COURT.

94  207
e114 874

94  207
119  175

94  207
f133  577

1. VENUE OF ACTION TO ENFORCE CONTRACT FOR SALE OF LAND.—
   While an action to enforce a contract for the sale of land is transit-
   ory, yet where the enforcement involves a sale of the land to satisfy
   a lien thereon, the action is localized, and must be brought in the
   county where the land lies

2. STATUTE OF FRAUDS — DESCRIPTION OF LAND.—Where a contract
   for the sale of land described the vendor as " of Rocky Hill Station,
   Ky.," and the property sold as " my home-place and store-house,"
   there was a sufficient memorandum of the contract to take it out of
   the statute of frauds.

3. VENDOR AND VENDEE—DEFECTS IN TITLE CURED.—While posses-
   sion was to be given on a certain day, yet as the deed was not to be
   made until the payment of the balance of the purchase money, and
   there was no tender of the money, the vendee can not resist enforce-
   ment of the contract upon the ground that the title was defective at
   the time fixed for the delivery of possession, the defects having since
   been cured.

4. ADVERSE POSSESSION—GRANT PRESUMED.—Although no grant from
   the Commonwealth is shown. yet as the chain of title begins in 1835,
   and the vendor and those under whom he claims have had continuous
   adverse possession for at least forty years, a grant from the Common-
   wealth will be presumed.

5. BURNING OF HOUSE BEFORE TIME FOR DELIVERY OF POSSESSION.—
   The fact that the store-house purchased by the defendant was burned
   between the date of the contract and the time fixed for delivery of
   possession, does not relieve the defendant from obligation to comply
   with his contract.

6. IT WAS ERROR TO ORDER A CONVEYANCE BY THE WIFE of the vendee
   of her dower in lands which her husband contracted to convey in
   part payment for the property purchased from plaintiff, and for this
   error the judgment must be reversed.

LEWIS McQOUWN FOR APPELLANTS.

1. The Edmonson court had no jurisdiction. The *cause of action* is the
   demand for specific performance. The alleged lien is only an *inci-
   dent.* (Kendrick v. Wheatley, 3 Dana, 34; Lewis v. Morton, 5
   Mon., 2.)

2. The writing sued on is not sufficient under the Statute of Frauds.

There is no description or identification of the property sold Henderson. (Madeira v. Hopkins, 12 B. M., 595.)

3. The title tendered by appellee is not sufficient. A court of equity will not force a doubtful title upon a purchaser. (Morgan v. Morgan, 2 Wheat., 290; Hightower v. Smith, 5 J. J. Mar., 544; Bartlett v Blanton, 4 J. J. Mar., 429; Lewis v. Herndon, 3 Litt., 361; Watts v. Waddle, 6 Pet., 389; Davis v. Dycus, 7 Bush, 4; Bodley v. McChord, 4 J. J. Mar., 475; Tevis v. Richardson. 7 Mon., 654; Dobbs v. Norcross, 24 N. J. Eq., 327.)

There is no grant from the State; several of the deeds do not pass dower; others are not 'properly certified, and the deed to appellee shows the existence of a lien for about one thousand dollars. (Hatcher v. Andrews, 5 Bush, 565; McDowell v. Prather, 8 Bush, 61; Miller v. Henshaw, 4 Dana, 330; Franklin v. Becker, 11 Bush, 595; Hynes v. Campbell, 6 Mon., 287; Bartlett v. Blanton, 4 J. J. Mar., 428; Beckwith v. Kowns, 6 B. M., 222; Taylor v. Bush, 5 Mon., 88; Tomlin v. McChord, 5 J. J. Mar., 135.)

4. As time was of the essence of the contract, and appellee did not have title when he was bound to convey and deliver possession, it would not be equitable to decree specific performance, although the defects were afterwards cured. (3 Parsons on Contracts 384; Walker v. Jeffries, 1 Hare, 348; Waterman on Spec. Perf, sec. 463; Gale v. Archer, 42 Barb. (N. Y.), 320.)

5. The appellant averred in his answer that the appellee did not have *any title at all.* This was sufficient to put appellee on an exhibition of his title. (Logan v. Bull, 78 Ky., 630.)

6. Appellee contracted and was bound to deliver possession of the storehouse. If he is not in condition to comply, appellant should not be compelled to accept the tendered conveyance.

7. The evidence shows that appellee burned the store-house, and for that reason he is not entitled to specific performance.

8. It was error to require the appellant Joicey R. Henderson to join in the conveyance with her husband. (Tevis v. Richardson, 7 Mon., 660.)

9. Specific execution of a contract in equity is a matter of sound discretion in the court, and will not be decreed where it would work injustice. (1 Story's Eq., sec. 769.)

WARNER E. SETTLE AND EDWARD W. HINES FOR APPELLEE.

1. This was an action for the sale of real property under a lien, and, therefore, the action was properly brought in the county in which the property was situated. (Civil Code, sec. 62, subsec. 3; Collins v. Park, 93 Ky., 6.)

2. The description of the property in the contract is sufficient to satisfy the requirements of the Statute of Frauds. (Ellis v. Deadman, 4 Bibb, 467; Winn v. Henry, 84 Ky., 48.)

3. After the lapse of forty years a grant from the State will be presumed. (Jarboe v. McAtee's heirs, 7 B. M. 280.)

4. After the great lapse of time the court will not presume that the wives of the grantors in the deeds exhibited are still living. (Jarboe v. McAtee's heirs, 7 B. M., 282.)

5. It would be inequitable to allow the vendee to insist that the title was not perfect at the time fixed for performance when a deed was then tendered and he made no objection to the title. (More v. Smedburgh, 8 Paige, Chy., 605.)

6. A lien for purchase money does not constitute such a defect in the title as entitles the vendee to a rescisssion. (Tapp, &c., v. Nock, 89 Ky., 419 )

7. The vendor did not assume the risk of the destruction of the storehouse by fire. (Marks v. Tichenor, 85 Ky., 536.)

8. The title being subsequently made perfect, it is immaterial that the vendor was not able to make a good title at the time agreed on for performance, time not being of the essence of the contract. (Smith, &c., v. Cansler, 83 Ky., 367.)

9. The lapse of time may give perfect title. (Logan v. Bull, 78 Ky., 614.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The appellant L. D. Henderson was the owner of a farm of one hundred and ten acres, situated in Barren county, Kentucky, and the appellee owned a store-house and lot at Rocky Hill Station, and lands adjoining to the extent of some fifty acres, situated in Edmonson county. By written contract of December 13, 1889, Perkins sold his property to Henderson in consideration of the sum of four thousand dollars and the latter's farm of one hundred and ten acres. One thousand dollars was to be paid down, and balance on February 25, 1890, when possession was mutually to be given, Perkins covenanting to make deed of general warranty when the purchase money was fully paid. Henderson paid the one thousand dollars down, and also an additional one thousand in a few weeks after the trade. On Jan-

uary 31, 1889, the store-house burned, and the appellee, after unavailing effort to carry out the contract, brought this action against Henderson and his wife in the Edmonson Circuit Court to enforce the contract, and to that end asked that his lien for the remaining unpaid purchase money be enforced by a sale of the Edmonson county lands. He tendered a deed for the lands he had contracted to convey.

The defendants, having been summoned only in Barren county, pleaded to the jurisdiction, controverted the statements of the writing, set up that Perkins had no title in fee or otherwise to the land, and further, that the contract should not be enforced because Perkins had burned his store-house to get the insurance on his goods therein, or else it was burned by his negligence. The lower court sustained a demurrer to the plea of want of jurisdiction, and on hearing gave judgment for the enforcement of the contract, adjudged a sale of the Edmonson county lands for the unpaid purchase price, and adjudged that Henderson *and wife* should convey the Barren county lands to Perkins.

The grounds relied on by Henderson to reverse this judgment, are:

1. The Edmonson court had no jurisdiction.

2. The contract is within the statute of frauds.

3. Perkins had no title to the property.

4. He burned his store-house to get the insurance on the goods.

5. The judgment erroneously directs Henderson and his wife to convey the Barren county lands to Perkins.

On the subject of jurisdiction, it may be said that

the general rule is, undoubtedly, that actions to en-
force contracts or to rescind them are transitory and
not local, yet, when the enforcement involves a sale of
the land to satisfy a lien thereon, it has been the rule
to regard section 62 of the Civil Code as localizing
the action.    That section provides that actions must
be brought in the county in which the subject of the
action, or some part thereof, is situated,   *    *   for
the sale of real property under a mortgage lien or
other encumbrance or charge, except for debts of a
decedent; and such was the precise question decided
in Collins v. Park, 93 Ky., 6; Ducker & Jones v.
Gray, 3 J. J. Mar., 163.

2. The writing evidencing the contract, and which
was signed by the parties, is as follows: "Know all
men by these presents, that I, W. C. Perkins, of
Rocky Hill Station, Ky., have this day sold, and by
these presents do sell my home place and store-house
to L. D. Henderson, of Rocky Hill, Barren county,
Ky., for and in consideration of four thousand dol-
lars," &c., followed by a specific statement of the
terms of the trade.

We think this a sufficient memorandum of the con-
tract to take it out the statute.    There was a partial
execution of it, and the description of the land, al-
though defective, was sufficiently full for easy iden-
tification.  (Ellis v. Deadman, 4 Bibb, 467; Hanly v.
Blackford, 1 Dana, 1.)

3. The answer alleges that on the 25th of February,
when the deed was tendered him, the appellee did
not have any title in fee or otherwise to any of the
lands described; that the store-house had then been

burned, and it was impossible to deliver said premises to him in accordance with the contract.

It will be observed that while possession was to be given on the 25th of February, the deed was not to be made until the payment of the balance of the purchase money. We may suppose these acts were to be cotemporaneous, and there was no tender of the money. The appellee, however, did have title, though it was defective, and as the defects have been cured, we do not perceive that the appellee has any ground of complaint on this behalf. It is quite evident that the cause of the appellant's hesitancy to comply with the contract was the fact that the storehouse had been burned, and from this loss we can not relieve him. There is no grant shown from the State, but the chain of title begins in 1835, and the appellee and those under whom he claims have had continuous adverse possession for at least forty years, and a grant from the Commonwealth will be presumed.

4. There is no evidence whatever tending to show that the appellee burned the house, or had any motive to do so, or that it was occasioned by his negligence.

But the wife was no party to the contract, and had she been, we do not see upon what principle the court could have adjudged a conveyance of her dower in the Barren county lands, and, as this was error, the judgment must be reversed, with directions to have it otherwise enforced.