## Bingham v. Asher.

### (Decided May 26, 1915.)

## Appeal from Clay Circuit Court.

Specific Performance—Action for Enforcement of Vendor's Lien— Venue of—Demurrer to Jurisdiction.—Section 62, Civil Code, re-

quires' that an action to enforce a vendor's lien upon land be brought in the county 'in which the land, or some part thereof, lies; and when the petition fails to sufficiently allege this essential jurisdictional fact, the overruling by the court of a special demurrer to the petition, objecting to its jurisdiction, constitutes reversible error. The fact that in the same action the specific performance of a contract for the sale of the land was asked, did not authorize the institution of the action in a county other than that in which the land, or some part thereof, is situated.

E. B. THOMPSON and MARTIN T. KELLY for appellant.

A. T. W. MANNING and GEORGE M. MANNING for appellee.

Opinion of the Court by Judge Settle—Reversing.

By a contract of February 12, 1912, the appellee, Joseph A. Asher, sold to the appellant, D. M. Bingham, 143.64 acres of land at the price of eight dollars per acre; $500.00 of which was cash in hand paid by appellant and $100.00 more some months later; the balance he agreed to pay following a survey of the land by appellee and the execution and delivery to him by the latter of a deed conveying it, with covenant of general warranty. The contract was evidenced by a title bond, executed by appellee and delivered to appellant when the land was sold.

This action was brought by appellee in the Clay Circuit Court to compel on the part of the appellant a specific performance of the contract in question. The terms of the contract, as above stated, were set forth in the petition and it was therein alleged that appellee caused a survey to be made of the land as required by the contract, and shortly thereafter executed and offered to deliver to appellant a proper deed, conveying him the land with covenant of general warranty, at the same time demanding of him payment of the balance of the purchase money due appellee on the land, which then amounted, with accrued interest, to $562.75; but that appellant refused to accept the deed and also refused to pay the $562.75 or any part thereof. The deed was filed with the petition to show appellee's compliance with the contract of sale, and for appellant's acceptance. The petition contained the further averments that appellee, by the terms of the title bond containing the contract for the sale of the land, retained a lien thereon as security for such part of the purchase money as had not been paid by appellant, and that the failure of the latter to pay the remainder of the purchase money entitled him

to the enforcement of the lien by a sale of the land in satisfaction thereof.

The appellant filed a special demurrer to the jurisdiction of the court, which was overruled, to which ruling he excepted; and as he declined to plead further, judgment was entered declaring appellee entitled to the relief prayed in the petition and directing a sale of the land in satisfaction of the lien for the unpaid purchase money due appellee, or enough thereof for that purpose. Appellant's dissatisfaction with that judgment led to the present appeal.

The single ground urged by appellant for the reversal of the judgment is that the circuit court erred in overruling the demurrer to jurisdiction. Appellant is a resident of Bell County and was summoned in that county, and it is insisted for him that the action being one to enforce a lien upon real estate, Section 62, Civil Code, required that it be brought in the county in which the land or some part thereof is situated; and that as the petition fails to sufficiently allege this essential fact, the court was without jurisdiction to render the judgment complained of. Decker v. Clay, 3 J. J. Mar., 163; Collins v. Parks, 93 Ky., 6; Henderson v. Perkins, 94 Ky., 211.

If it be true that the petition fails to sufficiently allege that the land sought to be subjected to the lien, or some part thereof, lies in Clay County, this contention must prevail. It is alleged in one part of the petition that the land lies in Leslie County and in another part thereof that it lies "partially in Clay County and partially in Leslie County," but the particular boundary and description of the land set forth in the petition following both these statements, recites that it lies in Leslie County, and such is declared to be its location by the deed executed by appellee to appellant in pursuance of the covenants of the title bond evidencing its sale to appellant, which deed is filed with the petition and tendered for appellant's acceptance.

While technically speaking the deed cannot properly be styled an exhibit, its execution and tender were essential to the maintenance of the action; and in view of the contradictory statements of the petition as to the location of the land, the deed should be accepted as evidence furnished by appellee as to its location, and as the description of the land contained therein, including the declaration that it lies in Leslie County, is to be treated as a particular and, therefore, an accurate description

thereof, and accords with the particular description given of the land in the petition, it should, in view of the contradictory averments of the petition, referred to, control in determining the true location of the land.

If in point of fact the land lies partly in Leslie and partly in Clay County, appellee, by an amendment, could have corrected the contradictory statements contained in the petition and thereby made clear the jurisdictional fact essential to his right to maintain the action in Clay County; but as he did not do this, and the averments of the petition leave the matter in doubt, the court should have sustained the special demurrer filed by appellant to its jurisdiction.

For the reasons indicated the judgment is reversed and cause remanded for further proceedings consistent with the opinion.