GAMBRELL et al. v. TATUM.　(No. 1753.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 16, 1921.)

1. Specific performance ⊗═66—Maintainable by vendor, though recovery is only purchase price.

Specific performance by vendor is maintainable, though the relief actually obtained by him is usually only the recovery of the purchase price.

2. Venue ⊗═22(3)—Suit at residence of one of the defendants contemplates a real defendant.

Rev. St. art. 1830, subd. 4, in authorizing a suit in the county of the residence of one of the defendants, contemplates a real defendant, and one against whom the plaintiff has a cause of action.

3. Escrows ⊗═9 — Performance of conditions entitling party to money deposited in escrow must be shown to recover money.

Where a portion of the purchase price is deposited in escrow either of the parties, to recover amount thereof, must show performance of conditions entitling him thereto.

4. Escrows ⊗═9—Vendor entitled to portion of price in escrow on performance of his part of contract.

Where a portion of the purchase price was placed in escrow pending consummation of the transaction, vendor was entitled thereto upon the performance of the conditions to be performed by him, notwithstanding purchaser's failure to perform his part of the contract by payment of the balance of the cash consideration.

5. Venue ⊗═22(3)—Action to recover portion of price in escrow properly brought in county of depositary's residence under article 1830, subd. 4.

Vendor's action to recover portion of purchase price placed in escrow on the performance of his part of contract brought against purchaser and bank with which money was deposited was properly brought in the county in which the bank was situated, under Rev. St. art. 1830, subd. 4, authorizing suit to be brought in the county of the residence of one of the defendants; the bank being a proper defendant in such case.

⊗═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Venue ⊘⟶7—Action to recover portion of price in escrow properly brought in county of depositary's residence under article 1830, subd. 5.**

Where a portion of the purchase price was deposited in escrow pending consummation of the transaction, the vendor's action to recover such amount on performance by him of his part of contract was properly brought in the county in which bank was situated under Rev. St. art. 1830, subd. 5, providing that where a contract in writing obligates the person bound to perform in a particular county, suit may be maintained in that county, since the contract, in so far as it related to the payment of that portion of the purchase price so deposited, was to be performed in such county.

**7. Venue ⊘⟶7—Suit properly brought in county where one of the payments is to be made.**

A suit is properly brought in the county where one of the payments is to be made.

**8. Venue ⊘⟶5(2)—Action for price in escrow br to foreclose lien properly brought in county where land situated.**

Vendor's action to recover a portion of the purchase price placed in escrow pending consummation of transaction on the performance by him of his part of the contract, and in the alternative for the foreclosure of his vendor's lien, was properly brought in the county in which the land was situated under Rev. St. art. 1830, subd. 12, authorizing suits for the foreclosure of liens to be brought in county where the property is situated.

**9. Vendor and purchaser ⊘⟶257—Legal title remains in vendor where lien is retained.**

Where a lien is retained in a note, or deed, or contract to convey title or bond for title, the legal title is in the vendor, and the equitable title is in the vendee.

**10. Vendor and purchaser ⊘⟶266(2)—Vendor on breach may disaffirm and sue for land or affirm and foreclose lien.**

Where vendor retained lien to secure payment of purchase price, he may, on purchaser's default, either elect to disaffirm the contract and sue for the land, or elect to affirm and foreclose the lien.

**11. Action ⊘⟶48(3)—Specific performance and to foreclose vendor's lien properly joined.**

Vendor may sue for specific performance and to foreclose vendor's lien in same action.

Appeal from District Court, Swisher County; R. C. Joiner, Judge.

Suit by E. P. Tatum against W. E. Gambrell and others. From judgment overruling defendants' plea of privilege defendants appeal. Affirmed.

Dickson & Newton, of Seymour, and Williams & Martin, of Plainview, for appellants.

Culton & Taylor and Jordan & Zimmermann, all of Tulia, for appellee.

HUFF, C. J. On the 20th day of September, 1920, appellee Tatum and appellant Gam-

brell entered into a written contract, by the terms of which Tatum sold a section of land in Swisher county, Tex., to appellant, for a consideration of $33,000, payable $13,000 cash upon delivery to Gambrell of an abstract of title, showing good merchantable title, together with general warranty vendor's lien deed, signed by Tatum and wife, conveying title to Gambrell. Gambrell was to assume payment of eight vendor's lien notes for $2,500 each. Tatum was to furnish an abstract within 10 days from date, and send it to the First National Bank of Seymour, Tex., to be examined by Gambrell's attorney. He was to have 10 days for examination, and in event of any defect Tatum was to have 30 days further time to cure the same. "Party of the second part (Gambrell) has this day paid the sum of $1,000.00 on said cash payment, which said sum shall be deposited in the First National Bank of Tulia, Texas, in escrow, together with a copy of this contract, and on final consummation of this deal applied on said cash payment, but in the event party of the first part (Tatum) should fail or refuse to comply with his part of this contract, said money shall be returned to the party of the second part, without waiver of any other rights or remedies he may have in law or in equity, under this contract." Tatum bound himself, at his own cost and expense, to finish breaking the balance of the stubble land; that he would give immediate possession of the premises upon final consummation of the deal. In addition to the land he so contracted to sell all the row crop thereon, free of all incumbrance, and also to sell a McCormick header binder. Appellee brought this suit against Gambrell, alleging his residence to be Baylor county, Tex., and against the First National Bank of Tulia, a corporation having its principal office and place of business in Swisher county, Tex.

Appellee set out the contract in his petition, alleging he had complied therewith by furnishing the abstract and deed called for in the contract and within the time stipulated; that he tendered the deed and offered delivery of immediate possession of the land, and demanded that Gambrell accept the deed and pay him the balance of the cash consideration, $13,000, together with the $1,000 cash in escrow in said bank, but that Gambrell refused to accept the deed, and refused to pay the cash consideration or any part thereof, and instructed the bank to return the $1,000 to him and the bank, though appellee is entitled to the money so deposited, failed and refused to pay the sum over to appellee upon demand being made therefor; that by virtue of the law appellee is entitled to a vendor's lien on the land for payment of the cash consideration. Appellee also sues for labor and work, in breaking and sowing wheat on the place, at the request of

Gambrell, and for cutting and heading the row crop on the place and for the price of the header binder, in the total sum of $837. He prays for specific performance of the contract: that he have judgment for the sum of $13,000 cash payment and for the sum of $837, for work, etc., and for interest; that he have judgment against both defendants for the $1,000 on deposit with the bank, and that when paid the same be credited upon the cash payment for the land, and for a foreclosure of the vendor's lien therefor upon the land, feed, etc. The appellant Gambrell filed his plea of privilege to be sued in Baylor county, the place of his residence, negativing any exception to such right, authorizing suit in Swisher county. The appellee filed his controverting affidavit, admitting Gambrell's residence to be in Baylor county, but alleges that under subdivision 4 of article 1830, R. C. S., the suit was properly filed in Swisher county, in that one of the defendants', the First National Bank of Tulia's, place of business was Tulia, Swisher county, the place where the suit was filed; that the $1,000 was deposited with the bank as payment on said land, and was to be applied on the cash consideration on the consummation of the deal, and that the bank refused to turn over the money to appellee, appellee alleging that said sum was sued for as part of the consideration in the trade; that the court had jurisdiction under exception 5 of said article, in that it shows necessarily that a material part thereof was to be performed in Swisher county; that the $1,000 was to be paid therein, and that such sum was then in the bank under the terms of the contract, and, further, that cutting, the feed, etc., was in Swisher county; that exception contained in subdivision 12 of the article authorizes suit in the county where the land is situated upon which a mortgage or other lien is sought to be foreclosed; that this exception applies, as this was a suit to foreclose an equitable lien in appellee's favor in the county where the land is situated, growing out of the fact that the land was sold to Gambrell by appellee, which Gambrell had failed and refused to pay for, according to the terms of the contract. The appellant Gambrell excepted to the affidavit controverting the plea to the jurisdiction.

We do not believe it necessary to set out the exceptions, as they are general in their nature, to each of the grounds relied on by appellee. The trial court heard evidence on the plea and the controverting affidavit. The facts show the residences of the respective parties were as stated in the pleadings. The contract sued on was offered in evidence. It was shown the contract was made in Swisher county, and that a copy thereof, with $1,000, was deposited in the bank, on the date of its execution, and was then in the bank; that the bank refused to turn over the

228 S.W.—19

money to appellee upon demand, and that Gambrell notified the bank to return the money to him, and instructed it not to pay the same to appellee. There appears to be no complaint in this court at this time that appellee failed to comply with the conditions imposed on him by the contract, or rather that the evidence does not show such fact. The facts before the trial court simply show that the attorney for Gambrell disapproved of the title as furnished by the abstract. The appellee specifically alleged the objections which the attorney had made to the abstract, and endeavored to show that the title was such as called for by the contract. We have not gone into the question as to whether there was a compliance shown by the evidence on the part of appellee, as no issue thereon is made in this court by assignment or otherwise. The court rendered judgment overruling the plea of privilege, from which judgment this appeal is prosecuted.

The appellants advance the propositions: (1) That the bank was not a necessary or proper party to the suit, and therefore that subdivision 4 of article 1830 has no application; (2) that subdivision 5 of the article has no application, because the contract in writing does not show the contract was to be performed in Swisher county; (3) subdivision 12 is inapplicable because the facts pleaded show affirmatively ownership of the land in appellee, and fail to show an express or implied lien which appellee could foreclose.

[1-3] The bank in the case being the depositary of $1,000 of the purchase money held by it in escrow, which the appellee Tatum asserts under the contract should be turned over to him, presents the question whether the bank was a necessary or proper party to the action declared upon. Specific performance by a vendor is maintainable though the relief actually obtained by him is usually only the recovery of the purchase price. Pomeroy's Equity Jurisp. vol. 5, § 2169; Clifton v. Charles, 53 Tex. Civ. App. 448, 116 S. W. 120. By the terms of the contract declared on the bank retained part of the purchase price, which was to be paid on the cash consideration provided for in the contract. This sum is in controversy, and is a part of the cause of action of which the bank as a stakeholder is trustee, and as such is interested in the subject-matter. Subdivision 4, art. 1830, R. C. S., in authorizing a suit in the county of the residence of one of the defendants, contemplates a real defendant, and one against whom the plaintiff has a cause of action. We think it is true that where money is deposited in escrow before either party would have the right to sue the depositary he must show the conditions entitling him to the money have been performed. Frichott v. Nowlin, 50 S. W. 164; Hanby v. Hereford National Bank, 163 S. W. 415; Pennsylvania Insurance Co. v. Stockstill, 197

S. W. 1036; Manton v. City of San Antonio, 207 S. W. 951; Gentry v. Gatlin, 14 Tex. Civ. App. 419, 38 S. W. 223.

[4, 5] Where, as in this case the vendor has alleged that he has performed all the conditions of the contract imposed on him, and that he is entitled to the purchase-money deposit as well as the entire cash consideration, he has shown an unauthorized withholding of the money whether the bank has acted willfully or for the purpose of protecting itself in the controversy. If the allegations are true, all that was necessary to complete the transactions was the payment of the cash consideration. It would seem the vendee could not defeat the vendor's right thereto by arbitrarily refusing to pay or by making a demand for the return of the money held in escrow. . The contract stipulated, in case Tatum "should fail or refuse to comply with his part of the contract, said money shall be returned to party of the second part" (Gambrell). The contract also recited that he had paid the sum of $1,000 on the cash consideration, which should be deposited in escrow. Appellant parted with the possession of the deposit, and placed it in the hands of a third party to be delivered when the appellee furnished an abstract and the deed called for in the contract. All these things, according to the allegations, were fully performed. Gambrell intended this to become a payment when Tatum performed it. The mere fact that the vendee did not pay the balance of the cash consideration did not have the effect to reinvest him with the right of possession of the money or authorize him to demand its return. The vendor, having performed, was entitled to the money held in escrow. Sykes v. Fischl, 212 S. W. 217; Schmidt v. Deegan, 69 Wis. 300, 34 N. W. 83; Naylor v. Stene, 96 Minn. 57, 104 N. W. 685; Alexander v. Bernard, 136 Mich. 642, 99 N. W. 858. A depositary is as much bound to deliver the deposit on the performance of the condition as he is to withhold it until such performance and such delivery may be had, by the party entitled to it. Wilkins v. Somerville, 80 Vt. 48, 66 Atl. 893, 11 L. R. A. (N. S.) 1183, 130 Am. St. Rep. 906, note at page 940; Brown v. Stutson, 100 Mich. 574, 59 N. W. 238, 43 Am. Rep. 462. The bank, being in possession of part of the money which should be paid for the land which Tatum sold and deeded, was a proper party to the suit. If he was a stakeholder the plaintiff may join the depositor and the stakeholder to determine to whom it should be paid. Woolley v. Canyon, etc., 159 S. W. 403 (6); Johnston v. Luling, 24 S. W. 996; Templeman v. Gresham, 61 Tex. 50; Williams v. Wright, 20 Tex. 499. The United States Supreme Court held mere nominal defendants, who were citizens of the state where the suit was instituted, and who had no interest in the cause of action, or were not liable thereon, would not defeat the jurisdiction of the federal court, and held that in that case the facts did not authorize a holding that the defendants were stakeholders, and in further discussion of this question said:

"This is not the case of a stakeholder or a holder of a deed as an escrow, where a trust has been created by the parties which is sought to be enforced by one of them. In all such cases the trustee may be a proper party, as he has a duty to perform, and which the court may enforce if improperly neglected or refused." Wood v. Davis, 18 How. 467, 15 L. Ed. 460.

We therefore hold, if Tatum has performed the conditions required, he, under the contract, was entitled to the money in the bank, and it was its duty to deliver the same to appellee, and if it neglected or refused to do so the courts may enforce a performance of that duty. The bank at least was a proper party to this action, as part of the consideration for the land was in its possession, which appellee was entitled to recover if he can establish that he has performed the conditions as alleged by him.

[6, 7] Under the fifth exception, where the contract in writing obligates the person bound to perform in a particular county, suit may be maintained in that county. The contract in this case shows the bank held $1,000 in escrow, which was paid on the cash consideration, but to be held in escrow until the final consummation of the trade, and then was to be applied on the cash consideration. Under the terms of the contract and the obligations the trade was consummated in so far as the appellee was concerned, and was not concluded because Gambrell wrongfully refused to pay the same, as he had agreed to do. We think the contract clearly indicates that part of the consideration was to be paid in Swisher county, by Gambrell, through his agent, the bank. The question to be determined is whether the legal effect of the written instrument is that it should be performed in the county where the suit was brought. As to the payment of this part of the purchase price, we think the writing clearly so indicates. Cecil v. Fox, 208 S. W. 954, and authorities cited; Garrett v. Hughes, 208 S. W. 758; Southern Plow Co. v. Dunlap, etc., 221 S. W. 1020; Seley v. Williams, 20 Tex. Civ. App. 405, 50 S. W. 399; Gaddy v. Smith, 116 S. W. 164; Martin v. Frank, 125 S. W. 958. A suit is properly brought in the county where one of the payments is to be made. McKaughan v. Kellett, 67 S. W. 908.

[8-11] Subdivision 12 of article 1830 provides that suits for the foreclosure of a mortgage or other liens may be brought in the county where the property is situated. Ordinarily a suit for the purchase money and to foreclose the vendor's lien expressed in the deed is not a suit for specific performance. Where a lien is retained in a note or deed, a contract to convey title, or a bond for title, the legal title is in the vendor, and the equitable title is in the vendee. The

vendor in such case may elect to disaffirm the contract and sue for the land or elect to affirm and foreclose the lien. It is, however, settled that specific performance is granted in favor of the vendor, though the relief actually obtained by him is usually only a recovery of the purchase money, and differs from the suit to enforce a vendor's lien in the fact that the judgment is for the recovery of the money generally, and not out of the land itself as a special fund. In this case, however, the vendor, by his petition has declared on his alternative remedy for the foreclosure of his lien, as vendor. He has, according to the allegations, performed all of the conditions required of him and tendered his deed. A decree of specific performance would vest the title in the vendee, but the law would give an equitable lien on the land for the purchase money. Joiner v. Perkins, 59 Tex. 302; Capps v. Edwards, 180 S. W. 138; Sanderson v. Wellsford, 53 Tex. Civ. App. 637, 116 S. W. 382.

This lien of the vendor is only another method of expressing his equitable interest, and simply means his right of enforcing his claim for the purchase money against or out of the vendee's equitable estate, by means of a suit in equity. 3 Pomeroy's Equity Jurisprudence, §§ 1261, 1262. "The analogy of the relation arising from the contract of sale and mortgage relation serves equity again in tracing the right of the vendor to be freed from the vendee's continuing right of specific performance, where the vendee himself will not pay the purchase money. The vendee, who corresponds to the mortgagor, failing to pay the purchase money, still has the equity of redemption. The vendor has neither his money nor his land, for he has hanging over him the vendee's right in equity to have the land, and has no power over the land other than as a mortgagee, i. e., to hold it as security." It is said by the author that in most jurisdictions decree is made that if the purchase money is not paid within the time set the property shall be sold and the vendor's interest satisfied out of the proceeds. "This may be treated as a forced sale of the vendee's equitable interest to satisfy the unpaid purchase money, any balance accruing to the vendee." 5 Pomeroy's Equity Jurisprudence, §§ 2285, 2286. Such a proceeding it occurs to us would fall within exception 12 of our venue statute, and give a right to sue where the land is situated. The appellee, we think, by his petition, brings himself within the exception. The courts of Kentucky seem to take substantially the same view with reference to venue under statutes in some respects similar to ours. In a suit for specific performance of a contract for the sale of land, in which a lien was asserted for the purchase money and foreclosure was asked, it was held that the court

of the county where the land was situated had jurisdiction, and that the suit was not transitory as in ordinary actions for specific performance. Collins v. Parks, 93 Ky. 6, 18 S. W. 1013; Henderson v. Perkins, 94 Ky. 207, 21 S. W. 1035. It occurs to us if specific performance is granted and the obligations to pay the purchase money is established a lien on the land to secure its payment follows as a matter of law. It ought not require a second suit to foreclose the lien. All issues, it would seem, can be settled in one action and prevent additional litigation.

The judgment of the trial court will be affirmed.