### Daniels v. Gillum.

(Decided May 20, 1924.)

### Appeal from Morgan Circuit Court.

1. Courts—Judgment Setting Aside Deeds and Ordering Sale of Land in Another County Did Not Prevent Suit in Latter County to Quiet Title.—Where circuit court of one county entered judgment canceling deeds and ordering sale of lands in another county, a third party, before sale, could bring action in county where land was situated, against prevailing party and master commissioner, without involving a conflict of jurisdiction, notwithstanding Civil Code of Practice, section 285, and in view of Civil Code of Practice, section 62.

2. Venue—Circuit Court of County where Land Situated has Exclusive Jurisdiction to Try Question of Title.—Circuit court of county where land is situated has exclusive jurisdiction to try question of title, under Civil Code of Practice, section 62.

HOWES & HOWES and VAUGHAN & HOWES for appellants.

JOHN B. PHIPPS and McGUIRE & McGUIRE for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

In the Johnson circuit court in the year 1912 Grant Daniels procured a judgment for debt against M. V. Brown and a decree cancelling certain deeds made by Brown and for the sale of the lands therein described.

One tract of land so ordered sold was located in Morgan county. Pursuant to this judgment in April, 1920, H. B. Connelly, master commissioner of the Johnson circuit court, advertised and offered to sell a tract in the possession of Charlie Gillum in Morgan county, the sale to be at the courthouse door at West Liberty, the county seat of Morgan county. Pending this Gillum instituted an equitable action against Connelly, alleging that he was the owner of the land, describing it and further alleging that M. V. Brown never had or claimed any interest in the land, and that he was not a party to the original action.

On his motion a temporary injunction was granted restraining Connelly from making the sale. It further appears that on the 13th day of June, 1912, a *lis pendens* notice of the lien asserted in the suit in the Johnson circuit court had been filed in the Morgan county clerk's office, in which the tract of land in Morgan county affected by the lien in that suit was thus described:

> "Situated in Morgan county, Ky., on Orsbon branch of Paint creek, being the same land purchased by the said M. V. Brown of Ira Pendleton and being a part of the Turner Branham farm, and containing 100 acres, more or less."

At the ensuing term of the Morgan circuit court, Connelly filed affidavit of his counsel in which it was stated that the described land was ordered sold in an equity proceeding in the Johnson circuit court, though no copy of that judgment was filed. The court accepted the affidavit as evidence and dissolved the temporary injunction on the ground that the Morgan circuit court was without jurisdiction to enjoin the enforcement of a judgment of the Johnson circuit court.

Thereupon Gillum filed amended petition making Daniels a party defendant, alleging that he (Gillum) was the owner and in possession of the land in question and that the action of Daniels was casting a cloud upon his title and praying that same be quieted. Summons

was served on Daniels a few days before the beginning of the August term of the Johnson circuit court, and the case was continued at that term. At the November term, 1920, of that court, no answer having been filed, a default judgment was taken quieting Gillum's title to the land described. No further action was taken until the August, 1922, term of that court, at which time Daniels and Connelly filed notice, duly executed, upon Gillum and moved the Morgan circuit court to set aside and vacate the order and judgment, on the ground that it was essentially and primarily a proceeding seeking to enjoin proceedings under a judgment rendered by the Johnson circuit court and was therefore void. The motion was overruled and plaintiff appeals.

Unquestionably the Johnson circuit court had jurisdiction to determine the issues in the original action between Grant Daniels and M. V. Brown, and having acquired such jurisdiction it might enforce the lien in favor of Daniels on property owned by Brown in Morgan county. It may be conceded that the recording of notice of such judgment in the proper encumbrance books in Morgan county court clerk's office would create a *lis pendens* upon such property, that would be good as against subsequent purchasers to the extent of Brown's title. Further, under section 285 of the Civil Code, the Morgan circuit court had no jurisdiction to grant an injunction preventing the enforcement of the judgment of the Johnson circuit court.

Passing all questions as to the sufficiency of the *lis pendens* notice filed in the Morgan county clerk's office, and also as to the fact that the only proof of the judgment in the Johnson circuit court consisted of an affidavit of Daniels' attorney on a motion to dissolve the injunction, and assuming all the steps mentioned legal and valid, if the property had been sold under a judgment of the Johnson circuit court the purchaser would have acquired only such title as Brown possessed. Clearly Gillum could have brought suit in the Morgan circuit court against the purchaser, seeking to quiet his title thereto and have contested with the purchaser the validity of his title, and in the absence of an answer could have taken a default judgment. If he could do this against a purchaser at decretal sale, we perceive no reason why he could not anticipate such action and bring a suit directly against Daniels for the same purpose. This does not involve a conflict of jurisdiction. The Johnson circuit court had jurisdiction to

decree a sale of Brown's interest in the land, and the Morgan circuit court could not interfere with that jurisdiction, and the sale might have taken place regardless of Gillum's suit.

On the other hand the Morgan circuit court had exclusive jurisdiction to try the question of title, and Gillum could with propriety ask protection in that tribunal. Bramlett v. Couch, 105 S. W. 460; Civil Code of Practice, section 62.

Wherefore, the judgment is affirmed.