## Savin v. Delaney.

(Decided April 30, 1929.)

WILLIAM J. DEUPREE for appellant.

STEPHENS L. BLAKELY for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

Samuel Savin sued Anna Delaney and Harry Segal under the Declaratory Judgment Act (Civil Code, sec. 639a) to obtain a declaration of his rights respecting some real property in Kenton county, Ky. It appears that Anna Delaney owned some valuable property in Covington fronting 98 feet on Madison avenue and extending back 140 feet, which, by a written instrument dated February 12, 1929, she leased to Samuel Savin, for a term of 10 years. Savin paid Mrs. Delaney the sum of $1,000, upon the execution of the contract, and an additional sum of $11,500 was to be due upon the delivery of a formal lease. As further consideration Savin agreed to pay a rental equivalent to 4½ per cent. per annum on $42,500. The contract contained an option of purchase at any time during the term of the lease, at the price $42,500. After paying the $1,000, and when about to pay the additional $11,500, Savin was notified by Harry Segal that he held an option on the same property, given by Mrs. Delaney in writing, and which he had elected to exercise. Because of these facts, Segal claimed a superior right to the possession of the property. Segal was a nonresident of the state, and process could not be served upon him personally. A warning order was made against him in accordance with the Civil Code. The defendant, Anna Delaney, filed an answer and cross-petition against Segal, and a warning order against Segal was made on the cross-petition. No proof was taken, and before either warning order had matured, the case was submitted and the circuit court dismissed the action. The reason for the dismissal was, as stated in an opinion, that "the true issue between the parties in this case is between Anna Delaney and Harry Segal, and as Harry Segal is a nonresident of this state and not before the court, this court

cannot understand that an opinion of the court would help the parties herein in any way.''.

The submission was premature, but the court should not have dismissed the action. It should have set aside the submission and required the parties to complete the preparation of the case.

Section 3 of the Declaratory Judgment Act (Civil Code of Practice, sec. 639a3) provides: ''Declarations of rights and determination of questions of construction, as herein provided for, may be obtained by means of proceedings at law or in equity, or by means of a petition on either the law or equity side of the court, as the nature of the case may require. . . .''

If persons not before the court are interested in or affected by the proceeding, it is the duty of the court to make them parties and bring them before it, or dismiss the action without prejudice. Ezzell v. Exall, 207 Ky. 615, 269 S. W. 752; Coke v. Shanks, 209 Ky. 723, 273 S. W. 552; Axton v. Goodman, 205 Ky. 382, 265 S. W. 806; Heller v. Hunt-Forbes Construction Co., 222 Ky. 564, 1 S. W. (2d) 970. The defendants in a suit, under the Declaratory Judgment Act, must be brought before the court by summons or warning order as in other cases. The Kenton circuit court had jurisdiction of real estate situated in Kenton county, and it could render such judgment as was necessary to protect the rights of parties respecting any property so situated. If Segal has any interest in the property, he may be permitted to assert it. If he does not appear, the allegations of the pleadings respecting him will have to be proven (Civil Code, sec. 126, subsec. 3), and judgment can be rendered against a nonresident on constructive service of process only after a report shall have been filed by the attorney appointed by the court (Civil Code, sec. 59, subsec. 7) and by the execution of bond, as required by section 410; in short, the proceedings against a nonresident on constructive service of process, under the Declaratory Judgment Act, must be prosecuted in accordance with all the provisions of the Civil Code respecting that subject.

In this case, the plaintiff exhibits a substantial interest in the property, and the defendant Anna Delaney has a right to have her title cleared, so that the contract with Savin may be performed. The claim of Segal presents an obstruction to the performance of the contract between Savin and Mrs. Delaney, and constitutes a cloud or incumbrance on her title. It is within the power and

province of the court to ascertain all the facts respecting the relative rights of the three parties involved, and to render a judgment settling all controversies, so as to prevent any loss or injury to either party.

Until the rights of Segal have been extinguished, Savin may not obtain a clear title to the property, and, if Segal intends to assert any rights under his contract, he must do so now in order that Mrs. Delaney may know her rights, and in order that Savin may determine and pursue his remedies if he is unable to get possession of the property, freed of Segal's claim.

Counsel ask that we construe the written contract upon which Segal is said to rely, but, as Segal is not before the court, we intimate no opinion respecting his supposed rights. It is well settled, however, that the circuit court and this court, on appeal, have full power to render judgments respecting the rights of the parties concerning real estate within the jurisdiction. Collins v. Park, 93 Ky. 6, 18 S. W. 1013, 13 Ky. Law Rep. 905; Henderson v. Perkins, 94 Ky. 207, 21 S. W. 1035, 14 Ky. Law Rep. 782; Todd v. Lancaster, 104 Ky. 427, 47 S. W. 336, 20 Ky. Law Rep. 623; Landrum v. Farmer, 7 Bush, 46; Daniels v. Gillum, 203 Ky. 262, 262 S. W. 272; Bingham v. Asher, 165 Ky. 53, 176 S. W. 343. It is apparent that the court was in error in dismissing the action. It should have required the case to be prepared and submitted, but only when all parties were before the court, and after they had been afforded the opportunity provided by our practice to be heard concerning their respective claims.

The judgment is reversed for proceedings consistent with this opinion.