## McDowell et al. v. Phelps' Administrator et al.

(Decided May 31, 1929.)

L. C. YEAST for appellants.

JAMES T. BASHAM for appellees.

OPINION OF THE COURT BY COMMISSIONER TINSLEY— Reversing.

This is a suit instituted in the Grayson circuit court to settle the estate of James Phelps, deceased. In the second paragraph of the petition it is alleged that on March 12, 1919, one Ed Williams sold and by deed conveyed to the appellant, A. M. McDowell, a described tract of land in Edmonson county, Ky., and in part consideration for which McDowell executed to Williams a note for $300, due January 1, 1920, bearing interest from date, and to secure which a vendor's lien was retained in the deed: that on the 11th day of March, 1921, Ed Williams sold and assigned that note to the decedent, Phelps, who was owner and holder of it at the time of his death; that no part of the note had been paid, except the interest paid to January 1, 1922, and $50 paid April 15, 1924. The appellees, as plaintiff below, prayed that they recover judgment against appellants McDowell and Williams for the amount due; that they be adjudged a lien on the land to secure its payment and the lien enforced by a sale of the land.

Appellants first demurred specially to the petition as against them on the ground that the Grayson circuit court was without jurisdiction. The demurrer was overruled. They then filed a motion to strike certain allegations from the petition. This motion was overruled, and they filed answer to which the court sustained a general demurrer, and then rendered judgment in accordance with the prayer of the petition, it being recited therein that defendants declined to plead further, A. M. McDowell and Alley McDowell have filed copy of the record and prayed an appeal, insisting, first, that the Grayson circuit court was without jurisdiction to enforce a lien on land in Edmonson county.

By section 62 of the Civil Code of Practice it is provided:

"Actions must be brought in the county in which the subject of the action, or some part thereof, is situated. . . .

"3. . . . . For the sale of real property under title 10, chapter 14, or under a mortgage, lien, or other encumbrance or charge, except for debts of a decedent."

Pursuant to that section, this court has uniformly held that actions to enforce vendor's liens for purchase money must be brought in the county where the land lies. Collins v. Park, 93 Ky. 6, 18 S. W. 1013, 13 Ky. Law Rep. 905; Henderson v. Perkins, 94 Ky. 207, 21 S. W. 1035, 14 Ky. Law Rep. 782; Bingham v. Asher, 165 Ky. 53, 176 S. W. 343; Kennedy v. Hicks, 180 Ky. 562, 203 S. W. 318.

Section 65 of the Code in part provides:

"An action to settle the estate of a deceased person, of a person, corporation or company assigned for the benefit of creditors of any estate in the hands of a receiver of court must be brought in the county in which such personal representative, assignee or receiver qualified. . . . But any action brought by such personal representative, assignee or receiver, for the recovery of or sale of under a mortgage, deed of trust or other lien, or charges upon, or injury to real estate or an estate or interest therein, must be brought in the county in which such real estate is situated, and not elsewhere. . . ."

The Grayson circuit court was without jurisdiction to enforce the lien on land in Edmonson county, and the special demurrer should have been sustained.

Under section 66 of the Code, an action for the settlement of the estate of a deceased person, must be brought in the county where the personal representative qualifies, and in such an action the circuit court of that county has jurisdiction to decree the sale of the lands belonging to the decedent's estate in another county. Boreing v. Melcon, 159 Ky. 14, 166 S. W. 612; Galloway v. Craig, 122 Ky. 447, 92 S. W. 320, 29 Ky. Law Rep. But the land in Edmonson county, in part, payment of which the note was executed, formed no part of the decedent's estate. The estate merely had a lien on the land, if in fact the note had been assigned to James Phelps and had not been paid. In this action the administrator could have been authorized by the Grayson circuit court to sell the note, as an asset in his hands, but, if he desired to enforce the lien securing its payment, he could only do so in the Edmonson circuit court.

On the return of the case, the parties will be permitted to amend their pleadings, in conformity here-

with; or, if appellees desire to enforce the lien asserted herein, the court will dismiss without prejudice the second paragraph of the petition seeking that relief to the end that an action therefor may be instituted in Edmonson county.

Other grounds for reversal urged by appellant are not determined, for the reason that it is not probable they will arise in subsequent proceedings.

Wherefore the appeal is granted, and the judgment is reversed for proceedings not inconsistent with this opinion.