## Edwards v. Bernstein.

(Decided October 15, 1929.)

COLEMAN TAYLOR and S. Y. TRIMBLE for appellant.

WESLEY V. PERRY and G. DUNCAN MILLIKEN for appellee.

Opinion of the Court by Commissioner Hobson— Reversing.

On January 30, 1920, J. Bernstein leased to Henry B. Edwards a storehouse in Russellville, Ky., for five years for the monthly rental of $125. It was provided in the lease that Edwards had the option to renew it for a further term of five years at the same rental. The lease then contained these two clauses:

> "The lessee is hereby given the option on said building at the end of said ten (10) years; that is to say, the right to renew said contract for an additional period of ten (10) years, at a rent to be agreed upon between the parties hereto, provided said Bernstein desires to rent the same."

> "It is further stipulation of this lease that the said lessee is hereby given the right and option to purchase the above-described premises at any time the lessor desires to sell the same at the expiration of the term of this lease or any renewal hereof, at a sum to be agreed upon between said parties, and the terms thereof to be so agreed; that is to say, that he shall have the refusal to purchase the same at any time the said Bernstein desires to sell the same."

Edwards held the property for 10 years, and there was no trouble between them. In 1928 some correspondence was had between them in regard to the additional 10-year term, beginning January 20, 1930. Bernstein wanted to rent the property, but thought that a rent of $200 a month was reasonable. Edwards wanted to keep the property, but thought $100 a month was a reasonable rental. They were unable to agree, and on April 29, 1929, Edwards brought this suit against Bernstein under the Declaratory Judgment Act, praying a declaration of his rights under the lease, and that a reasonable rental be fixed and determined, and that the contract be specifically enforced for such reasonable rental. Bernstein lived in Lexington, Ky. The process was served on him in Fayette county. He appeared and filed a special plea to the jurisdiction of the court. This was overruled. On final hearing the court adjudged that the action was prematurely brought. The defendant's demurrer to the petition was sustained. The petition was dismissed. Edwards appeals.

The first question to be determined on the appeal is: Was the action properly brought in the Logan circuit court? Section 62 of the Civil Code of Practice provides that an action for the recovery of real property, or of an estate or interest therein, may be brought in the county in which the land lies. But the only thing in controversy here is a 10-year leasehold, and such a lease is only personal property. Wilgus v. Com., 9 Bush, 556. The action is in effect one for the construction of the contract and its enforcement. Section 78 of the Civil Code of Practice provides:

"An action which is not required by the foregoing sections of this article to be brought in some other county may be brought in any county in which the defendant, or in which one of several defendants, who may be properly joined as such in the action, resides or is summoned."

The well-settled rule under these provisions is this: "An action purely for the rescission of a contract of sale of land or its specific execution is transitory—not in rem, but in personam. Kendrick v. Wheatley, 3 Dana, 34; Parish v. Oldham, 3 J. J. Marsh, 544." Bullitt v. Eastern Kentucky Land Co., 99 Ky. 324, 36 S. W. 16, 17, 18 Ky. Law Rep. 230. To same effect, see Thompson v. Elmore, 18 S. W. 235, 236, 13 Ky. Law Rep. 692.

The Declaratory Judgment Act has in no wise modified the provisions of the Code as to the county in which an action must be brought. Before that act was passed, an action to determine the rights of a party, under a contract like this, could only be brought after there was a breach of the contract. The Declaratory Judgment Act simply allows the action to be brought before a breach, to fix the rights of the parties. But the action must be brought in the same county, for this purpose, as before that act was passed.

It follows that the action cannot be maintained in the Logan circuit court, when Bernstein did not reside in that county, was not summoned there, and properly objected to the venue of the action. But, as the judgment dismisses Edwards' petition on general demurrer, it would be a bar to another action in the proper forum on the same facts, and must be reversed. This court, as the circuit court could not properly try the action, does not now determine any other question than that above indicated as to the venue of the action. In Savin v. De-

laney, 229 Ky. 226, 16 S. W. (2d) 1039, the defendant was a nonresident.

Judgment reversed, and cause remanded for a judgment dismissing the action without prejudice.