EJECTMENT.

## Berryman, &c. vs Mullins.

APPEAL FROM THE MARSHALL CIRCUIT.

Case 40.

*Specific performance.   Conveyances.   Jurisdiction.*
*Publication.*

*January 5.*

JUDGE BRECK delivered the opinion of the Court.

Case stated.

THIS was an ejectment, in which a verdict and judgment having been rendered for the defendant, the plaintiff has appealed to this Court.

The plaintiff upon the trial read to the jury a grant from the Commonwealth of Kentucky to John Snyder, the ancestor of the lessors, embracing the land in contest.

The defendant was permitted to introduce the record of a suit in chancery in the Livingston Circuit Court, and a deed made pursuant to a decree therein by a commissioner on behalf of the lessors of the plaintiff, purporting to convey the same land covered by the grant relied on by the plaintiff.

This suit had been instituted in 1817, by Levi and Laban Jones, against the heirs, a part of whom were alledged to be unknown, of John Snyder, deceased, seeking a conveyance for four thousand acres of land, lying in Livingston county, in virtue of an obligation which they claim to have acquired by assignment upon said Snyder.   The heirs were alone made defendants, and being all non-residents, were sought to be brought before the Court by order and publication.

In 1818, the case was heard, the bill taken for confessed, the right of the complainants to a conveyance decreed, and commissioners appointed to make it on behalf of the defendants.   The case was continued upon the docket till 1826, when two of the defendants filed answers, and an order was made setting aside the decree of 1818.   Subsequently, in 1829, the Court, regarding that decree as final, and the order setting it aside as unauthorized and void, appointed a commissioner in

place of those previously appointed, to make a conveyance, and the same was made accordingly, and confirmed.

The validity and effect of that conveyance, present the only question deemed important to notice.

It is contended the whole proceedings were null and void, and that nothing passed by the deed:

1st. Upon the ground that the Livingston Circuit Court had no jurisdiction of the case.

2d. If it had, that the defendants had neither actual nor constructive notice.

The first question we are disposed to consider as settled by the repeated adjudications of this Court. The land was in the county of Livingston, and a conveyance sought from non-resident heirs, in virtue of a claim, or obligation upon their ancestor. In support of the jurisdiction of the Livingston Circuit Court, in view of these facts, the case of *Hynes* vs *Oldham*, (3 *Monroe*, 266,) is directly in point. In *Dicken* vs *King*, (3 *J. J. Marshall*, 591,) this Court say, "unknown heirs or non-resident defendants may be proceeded against with a view to obtain titles, in the Circuit in which the land lies. This is a principle of necessity sanctioned by statute. Unknown heirs and non-residents can be reached in no other way." With these authorities before us, we need not stop to enquire whether the jurisdiction has been expressly conferred by statute or assumed from necessity. It is sufficient that we consider the principle as settled.

*The Courts of chancery in the counties where lands are situated, have jurisdiction to decree conveyances thereof by non-resident and unknown heirs, due upon the obligation of the ancestor. Hynes vs Oldham, (3 Monroe, 266,) Dicken vs King, (3 J. J. Marsh. 591.)*

The second objection, however, is deemed valid. It will be unnecessary to notice several substantial, if not fatal objections to the order of publication itself, as the evidence that it was executed or published as required by the statute, is regarded as wholly insufficient.

The order was made at the March term, 1817, requiring the defendants to appear on or before the next June term of the Court, and was directed to be published eight weeks successively in some authorized newspaper. This order, even if published as directed, would have been insufficient as to all the defendants except the unknown heirs, as has been repeatedly decided by this Court. The law requires it to be published for two

*A certificate of one styling himself editor of a newspaper that the order of publication "had been published eight weeks successively in his paper since the last term of the Livingston Circuit Court," (the order being made at the March term, 1817, and requiring an appearance at the June term next, and the certificate dated Sept. 13th, 1817,) is*

BERRYMAN, &c.
vs
MULLINS.

wholly invalid, it not appearing therefrom whether the publications were before or after the June term; a decree based upon such notice was void: (7 *Monroe*, 658; 5 *J. J. Mar.* 236:) See *Hardin* vs *Strader*, &c. (1 *B. Mon.*, contra.)

months, except as to unknown heirs. But the record does not show that there was any such publication of it, even for eight weeks, as required by the statute. The only evidence as to its publication, is the certificate of a person styling himself the editor of the Western Hemisphere, a weekly newspaper printed at Hopkinsville, Kentucky, that the order of Court, Levi and Laban Jones, complainants, against Charles Snyder, &c., defendants in chancery, had been published eight weeks successively in said paper since the last March term of the Livingston Circuit Court. This certificate bears date the 13th Sept., 1817. When the eight weeks commenced, or when they ended, the certificate does not state, nor does it otherwise appear. As the certificate is dated the 13th September, it would have been equally true if the publication had commenced and ended after the return day, or the June term, as before. As has been said by this Court, nothing ought to be presumed in favor of such *ex parte* proceedings: *Tevis' representatives* vs *Richardson*, (7 *Monroe*, 658;) *Hopkins* vs *Claybrook*, (5 *J. J. Marshall*, 236.) In the former case the Court say, when the certificate was like the one before us, that it was calculated to render the proceedings not only voidable, but void. If the notice is not in compliance with the statute, the party, in virtue of it, is not before the Court, and the proceeding is *coram non judice* and void.

As the first decree was final, the answers filed by several of the defendants, more than seven years afterwards, can have no effect to sustain the proceedings or the deed, even as to such defendants. The order appointing the second commissioner, was merely in execution of the former final decree.

It results that the proceedings were void, and that nothing passed by the deed; and consequently, that the Court below erred in permitting them to go in evidence to the jury, in the instruction that the lessors of the plaintiff had been divested of title.

Wherefore, the judgment is reversed, and the cause remanded, that a new trial may be granted.

*Ballard* for appellant; *Pirtle and Speed* for appellee.