SINGLE v. SCOTT PAPER MANUF'G CO. et al.

(Circuit Court, N. D. Ohio, W. D. May 11, 1893.)

No. 1,136.

1. FEDERAL COURTS—JURISDICTION—NONRESIDENT PARTIES—SERVICE BY PUBLICATION.

Under Rev. St. § 738, which provides for serving nonresident defendants by publication "in a suit in equity to enforce any legal or equitable lien or claim against real or personal property within the district where the suit is brought," such a suit is maintainable in a circuit court when the parties are citizens of different states, although neither of them resides in the district where suit is brought.

2. SAME—SUITS FOR SPECIFIC PERFORMANCE OF CONTRACT TO CONVEY LAND—STATE STATUTES.

In determining whether a suit to enforce specific performance of a contract to convey lands is a suit to enforce an "equitable claim" to real estate, within the meaning of Rev. St. § 738, the court may take into consideration the relief prescribed by the state statutes in favor of parties having the right to enforce such contracts; and in Ohio, where the statutes provide for constructive service on nonresidents, and also declare that if a judgment ordering a conveyance is not complied with the judgment itself shall operate as a conveyance, such a suit is an "equitable claim," and falls within the section.

3. SAME.

In such a case a federal circuit court, in Ohio, may acquire jurisdiction by constructive service, under section 738, and has authority to enter a judgment providing that, if the conveyance thereby ordered is not complied with within a time named, the judgment itself shall operate as a conveyance.

In Equity. Suit by John Single, a nonresident, against the Scott Paper Manufacturing Company and others, also nonresidents, to enforce specific performance of a contract to convey real estate. Heard on motion to dismiss the bill for want of jurisdiction. Denied.

Rev. St. § 738, provides as follows:

"When any defendant in a suit in equity to enforce any legal or equitable lien or claim against real or personal property within the district where the suit is brought is not an inhabitant of, nor found within, the said district, and does not voluntarily appear thereto, it shall be lawful for the court to make an order directing such absent defendant to appear, plead, answer, or demur to the complainant's bill at a certain day therein to be designated; and the said order shall be served on such absent defendant, if practicable, wherever found, or, where such personal service is not practicable, shall be published in such manner as the court shall direct."

King & Tracey, for complainant.
Brown & Tyler and Reeve & Roby, for defendants.

RICKS, District Judge. On the 17th of February, 1893, the complainant filed his bill in equity in this court, alleging that the defendant, by Clarence W. Scott, its president, director, and duly-

authorized agent, acting for the defendant corporation, for himself, and for Sadie E. Scott, Joe C. Sterling, and Clarence W. Scott, trustee, entered into a written contract by which he obligated the defendants, upon certain payments to be made by the complainant, and certain conditions to be performed by the complainant, to convey to said complainant certain valuable real estate situated in the division and district aforesaid. Complainant alleges full performance of all the conditions upon his part, and a tender in lawful money of the United States, and of promissory notes, and the mortgages to secure the same, in exact compliance with the conditions of said contract, and avers that the defendants refused to make conveyance and title of said property as they were obligated to do under said contract, and still refuse so to do. Complainant further avers that under said contract he entered into possession of said premises, spent a large sum of money in making valuable improvements thereon, has made contracts for other valuable improvements still being made thereon, and that defendants had full knowledge of his possession, and of the valuable improvements so being made, and allowed complainant to proceed in his said improvements without any dissent or notice to him of their intention not to perform and abide by the contract according to its terms.

Thereupon the complainant made proper affidavit under section 738 of the Revised Statutes of the United States, and asked for an order for service upon the defendants, who were nonresidents of the division and district aforesaid. Said order was made pursuant to the statute. The residence of said defendants is fully set out in said affidavit and order, and by the return of the United States marshal for the eastern district of Michigan, in which district the defendants reside, it appears that personal service of said order was made upon the Scott Manufacturing Company, by delivering, personally, to Sadie E. Scott, secretary of said company, a copy of said order, and personal service was further made upon each of the defendants except Clarence W. Scott, and Clarence W. Scott, trustee. The latter being absent from the district, service was made upon him by leaving a proper certified copy of said order at his dwelling place, with Sadie E. Scott, his wife,—an adult person, and a member of his family. The defendants, having entered a special appearance for the sole purpose of determining the question of the jurisdiction of the court, move to vacate and set aside the order heretofore made for service upon said defendants, "for the reason that said court has no jurisdiction of this cause, or of the persons of said named defendants." An elaborate brief is filed by counsel for the defendants, in which they contend that the court has no jurisdiction of this cause because said section 738 of the Revised Statutes, by virtue of the act of congress of March 3, 1887, as amended by the act of August, 1888, is but a part of said act, and that "any suit commenced in any circuit court of the United States to enforce any legal or equitable lien upon * * * real estate or property within the district," under said section, can only be "commenced" when the court, under section 1 of said act, acquires jurisdiction by reason of personal service upon some one of the

defendants interested in such real estate or property referred to in said section.

The complainant in this case is a nonresident of this district, and is a citizen of the state of New York. The defendants, who claim an interest and title to the real estate in controversy, are all residents and citizens of the state of Michigan. The property in dispute lies wholly within the western division of this district. The question, therefore, presented, is whether this court, in a suit in which neither the plaintiff nor the defendants reside in the district, but are citizens of different states, can acquire jurisdiction, and determine controversies between the parties, when the real estate in controversy lies wholly within the jurisdiction of the court. Under the last act of congress above referred to, it is well settled that, where the jurisdiction of the court depends upon diverse citizenship of the parties, either the plaintiff or the defendant must be a resident and citizen of the district. Counsel for the defendants contend that, inasmuch as neither the plaintiff nor the defendants are citizens of this district, the suit cannot be said to be "commenced," under section 738, because the court has no personal jurisdiction over either of the parties. And they contend, further, that a lien or equitable claim to real estate in this district cannot be enforced under said section unless either the plaintiff or the defendants are citizens of the district. In this contention, I think, counsel are wrong. Section 738 was originally the eighth section of the act of March 3, 1875. It was incorporated into the Revised Statutes as section 738. Section 739 specially provides as follows:

"Except in the cases provided in the next three sections, no person shall be arrested in one district, for trial in another, in any civil action before a circuit or district court; and except in the said cases, and in the cases provided by the preceding section. [which is section 738,] no civil suit shall be brought, before either of said courts, against an inhabitant of the United States, by any original process, in any other district than that of which he is an inhabitant, or that in which he is found, at the time of serving the writ."

We therefore have in this section a legislative construction of section 738, and that construction is that a suit could be "commenced" in a district in which the real estate concerned was situated, without reference to whether the defendants could be personally served in the district or not. Personal service of process was not, therefore, essential to give the court jurisdiction under section 738, as section 8 of the act of March 3, 1875. As that section remains in force by special provision of the act of August, 1888, the legislative construction placed thereon also stands. It is sufficient, therefore, to give the court jurisdiction, if the real estate involved is within this district, and the parties are citizens of different states. I find nothing in the opinions of the court in Smith v. Lyon, 133 U. S. 315, 10 Sup. Ct. Rep. 303, or in Ames v. Holderbaum, 42 Fed. Rep. 341, inconsistent with this conclusion.

The next important question to determine is whether a bill for a specific performance constitutes a "legal or equitable lien upon, or claim to, or to remove an incumbrance or lien or cloud upon a title to real or personal property." In determining this question we are

authorized to consider the relief prescribed by the statutes of Ohio to parties having a right to insist upon a specific performance of a contract to convey real estate in that state; for the supreme court of the United States has expressly declared, in the case of Holland v. Challen, 110 U. S. 15, 3 Sup. Ct. Rep. 495, that while—

"The state legislatures certainly have no authority to prescribe the forms and modes of proceeding in the courts of the United States, but having created a right, and at the same time prescribed a remedy to enforce it, if the remedy prescribed is substantially consistent with the ordinary modes of proceeding on the chancery side of the federal courts, no reason exists why it should not be pursued in the same form as in the state court. On the contrary, propriety and convenience suggest that the practice should not materially differ, where titles to lands are the subjects of investigation, and such is the constant course of the federal courts."

Again, the same court, in the case of Arndt v. Griggs, 134 U. S. 316, 10 Sup. Ct. Rep. 557, decided that—

"A state may provide by statute that the title to real estate within its limits shall be settled and determined by a suit in which the defendant, being a nonresident, is brought into court by publication. The well-settled rules that an action to quiet title is a suit in equity, that equity acts upon the person, and that the person is not brought into court by service by publication alone, do not apply when a state has provided by statute for the adjudication of titles to real estate within its limits, as against nonresidents who are brought into court only by publication."

In discussing this case, Judge Brewer says:

"The question is not what a court of equity, by virtue of its general powers, and in the absence of a statute, might do; but it is, what jurisdiction has a state over titles to real estate within its limits, and what jurisdiction may it give by statute to its own courts to determine the validity and extent of the claims of nonresidents to such real estate? * * * So it has been held, repeatedly, that the procedure established by the statute in this respect is binding upon the federal courts."

Further on, in referring to the case of Clark v. Smith, 13 Pet. 195, that learned justice quotes from that case, approvingly, as follows:

"A state has an undoubted power to regulate and protect individual rights to her soil, and declare what shall form a cloud over titles; and, having so declared, the courts of the United States, by removing such clouds, are only applying a new practice to a new equity created by the legislature, having its origin in the peculiar condition of the country. The state legislatures have no authority to prescribe forms and modes of proceeding to courts of the United States, yet, having created a right, and at the same time prescribed the remedy to enforce it, if the remedy prescribed is substantially consistent with ordinary modes of proceeding on the chancery side of the federal courts, no reason exists why it should not be pursued in the same form as in the state court. In the case before us, the proceeding, though special in its form, is, in its nature, but the application of a well-known chancery remedy. It acts upon the land, and may be conclusive as to the title of a citizen of another state."

In the case of Boswell's Lessee v. Otis, 9 How. 336, although the judgment in that case was held to be void, yet, with reference to the jurisdiction of the court in a case for specific performance of a contract alone, the supreme court said:

"Jurisdiction is acquired in one of two modes: First, as against the person of the defendant, by service of process; or, secondly, by a procedure

against the property of the defendant within the jurisdiction of the court. In the latter case the defendant is not personally bound by the judgment, beyond the property in question; and it is immaterial whether the proceeding against the property be by an attachment, or bill in chancery. It must be substantially a proceeding in rem. A bill for the specific execution of a contract to convey real estate is not strictly a proceeding in rem, in ordinary cases; but where such a procedure is authorized by the statute on publication, without personal service of process, it is substantially of that character."

From these decisions of the supreme court it is clear that the circuit courts of the United States, sitting in Ohio, exercising their general equity jurisdiction in a suit properly instituted, would rightfully enforce any additional remedies given under Ohio laws, so as to grant proper relief to a complainant asking for the specific performance of a contract to convey real estate lying in that state. It is further equally clear that if the laws of Ohio provide a remedy through which the performance of such a contract can be enforced, as against a nonresident, then such an existing contract in Ohio is an equitable "claim" to real estate, which this court may enforce, or an "incumbrance or cloud upon a title to real property," which this court may remove, under the provision of the United States statute to which reference has heretofore been made. The statutes of Ohio which enlarge the remedies of the complainant in this case are not essential to give the court jurisdiction originally. This court acquires jurisdiction because the complainant is a nonresident of Ohio, and a citizen of New York; because the real property to which he asserts an equitable claim lies wholly within this district; and because section 738 of the Revised Statutes of the United States specially prescribes the proceedings by which this equitable claim may be asserted. If there were doubts as to whether, under the general equity rules and principles administered by this court, aided by the provisions of section 738, the defendants could be brought within the jurisdiction of the court without personal service, the authority of the court to entertain such jurisdiction, and administer the relief sought, is made more certain and effective by reason of the Ohio statutes. Section 5024, Rev. St. Ohio, authorizes an action to compel the specific performance of a contract for the sale of real estate. Section 5048 provides for constructive service in such cases. Section 5318 provides that, when a party against whom a judgment or a conveyance * * * is rendered does not comply therewith by the time appointed, such judgment shall have the same operation and effect, and be as available, as if the conveyance * * * had been executed conformably to such judgment. Considering these statutory provisions in the light of the principles announced in the case of Boswell's Leesee v. Otis, above quoted, our jurisdiction in this case seems clear.

If the complainant shall establish the allegations of his bill by proper evidence, and show that the contract set forth was properly executed by persons duly authorized, and that he is entitled to a specific execution of said contract, this court will have jurisdiction

to order the defendants, within a time named, to make such conveyance. If they fail to do so, and are beyond the jurisdiction of the court, so that personal enforcement of the order will be impossible, the decree may provide that, on a failure on their part to comply with the order of the court, the decree, in and by itself, may divest the defendants of all title in said property, and vest the same in the complainant. The equities of the case, so far as the allegations of the bill are concerned, are all with the complainant. It presents a case where the court ought to retain jurisdiction, if it can rightfully do so, because the relief sought is just and equitable, in the highest degree. I am therefore of the opinion that this court has jurisdiction over the property involved in this controversy, and over the defendants, so far as they have any claim or title to said property; that this proceeding is substantially a proceeding in rem; and that the general powers conferred upon this court, as a court of equity, under the constitution and laws of the United States, are so enlarged, and made more effective, by the statutes of the state of Ohio, as that, upon final hearing, if the complainant shall establish his right to relief, full and adequate protection can be given him to enforce the specific execution of the contract set out in his bill.