Todd, &c. v. Lancaster.

CASE 57—RESCISSION—OCTOBER 6.

# Todd, Etc. v. Lancaster.

APPEAL FROM DAVIESS CIRCUIT COURT.

1. JURISDICTION—ACTION FOR RESCISSION AGAINST NON-RESIDENT.— The rule that suits for rescission and for specific performance of agreements respecting land are transitory is not applicable to suits against non-residents.

2. FINDINGS OF FACT BY CHANCELLOR.—A chancellor's findings of fact upon fraud, want of title and misrepresentation will not ordinarily be reversed at the instance of one who has failed to perform a material part of his own contract.

W. FOSTER HAYES AND REUBEN A. MILLER FOR APPELLANTS.

1. The Daviess Circuit Court had no jurisdiction of the action. Massie v. Watts, 6 Cranch, 148; McQuerry v. Gilliland, 89 Ky., 434; Dunn v. McMillen, 1 Bibb., 409; Lewis v. Morton, 5 Mon., 1; Williams v. Burnett, 6 Mon., 322; Kendrick, &c. v. Wheatly, 3 Dana, 34; Parrish v. Oldham, 3 J. J. M., 544; Page, &c. v. McKee, &c., 3 Bush, 135; Thompson v. Elmore, &c., 13 Ky. Law Rep., 692; Bullitt, &c. v. Eastern Kentucky Land Company, 18 Ky. Law Rep., 230.

2. Assuming the jurisdiction, the facts did not warrant a rescission. There was no defect in the title to the lands conveyed in Florida. But if there were the alleged defects were cured before the

hearing. Daniel v. Smythe, 5 B. M., 347; Cotton v. Ward, 3 Mon., 304; Finley's Exr. v. Lynch, 2 Bibb., 566; Duvall v. Parker, 2 Duv., 182; Winston v. Gwathmey. 8 B. M., 19; Delivery of patent from the United States to the patentee is not essential to vest title. Am. & Eng. Enc. of Law, vol. 19, p. 350; U. S. v. Schurz, 102 U. S., 378; Marbury v. Madison, 1 Cranch, 137.

3. The contract was an executed one and the parties were *sui juris.* Buford's Admr. v. Guthrie, &c., 14 Bush, 690; Simpson, &c. v. Hawkins, 1 Dana, 303; English v. Thomasson, 82 Ky., 280.

4. The testimony does not warrant a rescission. The plaintiff had made an actual examination of the land and relied on his judgment. Peak v. Gore, 94 Ky., 533.

WALKER & SLACK FOR APPELLEE.

1. An action to rescind a contract for land may be brought against a non-resident in the county where the land lies. Newman's Pl. & Pr. 38, and authorities cited; Freeman v. Alderson, &c., 119 U. S., 185-190. If this were not the law, the fact that a mortgage debt, past due at the time of the action to rescind was brought, in which its enforcement is sought by the mortgagee, which the non-resident assumed in such contract, and failed to pay as he agreed, would give jurisdiction to rescind in the county where the land, upon which the mortgage is, lies.

2. A plea to the jurisdiction over the person and over the subject matter, it being clear the court possessed jurisdiction over the subject matter, is a general appearance. 2 Enc. of Pl. & Pr., 621; Fitzgerald v. Fitzgerald, 137 U. S., 98 (bk. 34 L. Ed., 611); Civil Code, sections 92 and 118; 2 Enc. of Pl. & Pr., 639; C. O. & S. W. R. R. Co. v. Heath, 87 Ky., 651; s. c. 9 S. W. R. 836.

3. When the petition shows the defendant is a non-resident, a plea to the jurisdiction, instead of a special demurrer, is a general appearance. Civ. Code, sections 92 and 118; C. O. & S. W. R. R. Co. v. Heath, 87 Ky., 651; s. c. 9 S. W. R., 834.

4. Lancaster was entitled to a rescission on the following grounds:

(a.) Fraudulent and false representations. 21 A. & Eng. Enc. of Law, 27-34; Foard v. McComb, 12 Bush, 723; Shackleford v. Handley, 1 A. K. Mar., 496; Rhea v. Yoder, Sneed, 87; Dietz v. Sutcliffe, 80 Ky., 650; Havlin v. Reed (Ky.), 5 S. W. R., 554; Waters v. Mattingly, 1 Bibb, 244.

(b.) Inadequacy of consideration, in connection with circumstances evidencing an effort to procure an advantage. Peak

v. Gore, 94 Ky., 533; Howard v. Howard, 87 Ky., 616; McHarry
v. Irvin's Exr., 85 Ky., 322; 21 A. & Eng. Enc. of Law, 34, 53;
Cruse v. Christopher's Admr., 5 Dana, 181; Beard v. Campbell,
2 A. K. Mar., 125; Newton v. Nanss (Tex.), 26 S. W. R., 81-82.

(c.) The failure of Todd to pay the mortgage debt to Herr as
his stipulation bound him to:  21 Am & Eng. Enc. of Law, 44-
46, and a note on 46; Peak v. Gore, 94 Ky., 537-539.

(d.) Where insolvency is considered in decreeing a rescission,
non-residency, under the same circumstances, has the same le-
gal effect.  English & Thomasson, 82 Ky., 280; 8 Ky. L. R., 422.
Insolvency or non-residency is immaterial in an action for re-
scission.

(e.) As to a portion of the land conveyed to Lancaster, the title
was defective.  28 Am. & Eng. Enc. of Law, 153-154; 154 note;
Bailey v. Corley, (Ky.) 26 S. W. R., 391; Brady v. Harper, (Ky.)
30 S. W. R., 664.

(f.) Instead of certain parts of the lands conveyed to Lancaster
being in one tract as sold, they were disconnected tracts, and the
conveyances to him did not cover the same lands, in some in-
stances, he contracted for, and in others, did not cover a desira-
ble portion which was embraced in the boundary pointed out and
sold to him by Todd.  21 Am. & Eng. Enc. of Law, 63n., 8.

(g.) One tract sold as containing a pool of water and a front-
age on a lake, was purchased by Lancaster for the special pur-
pose of a residence, and he would not have made the contract ex-
cept that such pool and frontage were procured.  Damages are
not involved in such case, nor an inquiry of how it came about.
21 Am. & Eng. Enc. of Law, 63, 37-39; 38n.; 39n.; Lytle v. Breck-
inridge, 3 J. J. M., 663; Durrett v. Simpson, 3 Mon., 517; Winston
v. Gwathmey, 8 B. M., 19; Moore v. Cross, (Tex.) 26 S. W. R., 122.

5. It is certain that the minds of Lancaster and Todd did not meet,
and, hence, there was no agreement, or else the transaction is
different, with respect to its subject matter, from that which
was intended.  In either event. the right of rescission is clear,
whether this result arose by reason of mistake of both or only
one of them, or by reason of any other circumstance.  2 Pome-
roy's Eq. Jur., 870; Cruse v. Christopher's Admr., 5 Dana, 181;
Beard v. Campbell, 2 A. K. M., 125.

6. A vendee may rely upon the statements of his vendor in regard to
the latter's title.  Upshaw v. Debow, 7 Bush, 442-443.

7. Total inability on the part of Todd to fulfill his contract, or gross

negligence for an unreasonable time to do so, is equivalent to fraud, and authorizes a rescission. Bullock v. Bemiss, 1 A. K. M., 433.

8. Representation can be made of a matter of opinion. 21 Am. & Eng. Enc. of Law, 29n. 2; Pomeroy on Contracts, p. 291, §212; Newton v. Ganss (Tex.) 26 S. W. R., 81 and 82.

9. The findings of the Chancellor in regard to the facts, as the evidence is sufficient to sustain same, will be adopted by this court.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

It is well settled that suits for rescission or for specific performance of agreements respecting land are transitory, and not local. Kendrick v. Wheatley, 3 Dana, 34 (1835); Bullitt v. E. K. Land Co., 18 Ky. Law Rep. 230 [36 S. W. 16]. But this rule is not applicable to suits against non-residents. In such cases the courts where the land is situated have jurisdiction to rescind the contract for fraud or other reason, or enforce its specific execution. This is a rule of necessity. Dicken v. King, 3 J. J. Marsh. 592 (1830); Berryman v. Mullins, 8 B. Mon. 152; Newm. Pl. & Prac. 38. The purpose of the present action is to rescind a contract involving a swap of lands; those of appellee being in Kentucky, and those of appellants being in Florida. The chancellor decreed a rescission. We have seen that the Kentucky court where the appellee's land was situated had jurisdiction, and, the remaining questions—the existence of fraud, want of title, and misrepresentation of material facts inducing the trade—being questions of fact, we do not feel inclined to disturb the chancellor's finding; and especially so as it appears that the appellant Todd has not performed a material part of the contract, by paying off a mortgage on the Kentucky land, for the payment of which appellee was personally bound. Judgment affirmed.