## DAN COHEN REALTY CO. v. NATIONAL SAVINGS & TRUST CO. et al.

### No. 151.

District Court, E. D. Kentucky.

Jan. 22, 1941.

Thomas C. Lavery, of Cincinnati, Ohio, and Alvin E. Evans, of Lexington, Ky., for plaintiff.

Wilson & Harbison, of Lexington, Ky., for defendants.

FORD, District Judge.

The plaintiff is an Ohio corporation with its principal place of business at Cincinnati. Both defendants are citizens and residents of the District of Columbia. No Federal question is involved. Federal jurisdiction is invoked on the ground of diversity of citizenship under the Act of Congress approved April 20, 1940, by which clause (b), paragraph (1), of section 24 of the Judicial Code, 28 U.S.C.A. § 41(1) (b), was amended so as to confer original jurisdiction upon the District Courts of the United States of suits of a civil nature involving the requisite jurisdictional amounts where the matter in controversy "is between citizens of different States, or citizens of the District of Columbia, the Territory of Hawaii, or Alaska, and any State or Territory."

To sustain venue of the action in this Court, plaintiff relies upon section 57 of the Judicial Code, 28 U.S.C.A. § 118, which authorizes maintenance of a suit "to enforce any legal or equitable lien upon or claim to  *  *  *  real or personal property" in the Court of the district wherein the property is situated.

The case is submitted upon the defendants' motion to dismiss the complaint upon the grounds:

First. That the action, being between a citizen of the State of Ohio and citizens of the District of Columbia, is not "between citizens of different States", within the meaning of Article III, section 2, clause 1 of the Constitution of the United States, and the Act of Congress of April 20, 1940, is unconstitutional and void in that it purports to extend the jurisdiction of the District Courts of the United States beyond the limit of judicial power prescribed by the Constitution; and

Second. That this action is not "to enforce any legal or equitable lien upon or claim to  *  *  *  real or personal property", within the meaning of section 57 of the Judicial Code, 28 U.S.C.A. § 118, but is governed by section 51 of the Judicial Code, 28 U.S.C.A. § 112, which limits the venue of such a suit to the district of the residence of either the plaintiff or the defendant and, since neither the plaintiff nor the defendants are residents of this district, the venue of the action is improperly laid in this Court.

A corollary of the established principle that courts will not unnecessarily or hypothetically decide important constitutional questions is the rule that courts will refrain from passing upon the constitutionality of an Act of Congress where the case may be adequately disposed of upon other grounds. Tennessee Publishing Co. v. American National Bank, 299 U.S. 18, 57 S.Ct. 85, 81 L.Ed. 13; Cincinnati v. Vester, 281 U.S. 439, 50 S.Ct. 360, 74 L.Ed. 950; Liverpool, New York & Philadelphia Steamship Co. v. Emigration Commissioners, 113 U.S. 33, 5 S.Ct. 352, 28 L.Ed. 899. It, therefore, seems appropriate to first give consideration to the question of venue.

Whether this action is one "to enforce any legal or equitable lien upon or claim to  *  *  *  real  *  *  *  property," within the meaning of section 57 of the Judicial Code, 28 U.S.C.A. § 118, must be determined from the nature of the claim asserted and the character of relief sought.

The action is based upon an alleged agreement as to which the body of the complaint alleges nothing more than that "on or about April 30, 1940, plaintiff and defendants, by an exchange of letters, copies of which are hereto annexed as Exhibits A, B, C and D, entered into an agreement in writing". We are left to discover the subject matter and terms of the alleged

agreement from the letters filed with the complaint. It appears from these letters that the plaintiff is tenant of the premises known as No. 258 West Main Street, Lexington, Kentucky, under a fifteen-year lease which will expire October 31, 1941, and having in view a plan to make certain needed improvements on the property at its own expense, it entered upon an effort to procure the execution of a contract for an extension of the lease for an additional term of fifteen years. It further appears that the negotiations, carried on by the letters filed as exhibits, resulted in an agreement on April 30, 1940, that "within the next few days" a new contract would be executed by which the premises would be leased to the plaintiff for a term of fifteen years from October 31, 1941, upon the same terms and conditions as the present lease. None of the letters are signed by the defendants but by one who represents himself to be their agent or representative. Obviously, the plaintiff does not regard the letters as sufficient in themselves to constitute a lease but treats them merely as evidencing an agreement to thereafter make a lease. It is alleged that defendants have refused to execute the lease and the prayer is that "defendants be required specifically to perform said agreement", and, if specific performance is not granted, that plaintiff have judgment for damages.

The contention of the plaintiff seems to be that an equitable claim to real estate is inherent in the very nature of the action and enforcement of such claim is implicit in the character of the relief sought. The argument appears to proceed, in the main, upon the assumption that the present action, in its essence, is analogous to an action for specific performance of an executed lease. Authorities are cited holding that under the law of Kentucky an executed lease vests in the lessee an equitable interest in the land demised, Mattingly's Ex'rs v. Brents, 155 Ky. 570, 159 S.W. 1157; that an action against non-resident defendants to enforce or rescind agreements respecting land located in Kentucky may be maintained in the Courts of the State, upon the theory that such procedure is a rule of necessity, Todd v. Lancaster, 104 Ky. 427, 47 S.W. 336; that such an action is quasi in rem, Savin v. Delaney, 229 Ky. 226, 16 S.W.2d 1039, and upon the authority of Single v. Scott Paper Mfg. Co., C.C., 55 F. 553, a suit for the specific performance of an executed contract to convey land is within the purview of section 57 of the Judicial Code, 28 U.S.C.A. § 118.

Assuming the analogy between the two types of cases to be complete, it does not follow that the procedural rules of the State governing the venue of State courts in respect to such actions are controlling upon the question under consideration. Venue of actions in the Federal courts is governed by the Federal Statutes, and "the power which a state court may exert in a particular contingency affords no basis for the assumption that the act of Congress extends to a subject which the language of the act does not embrace." Chase v. Wetzlar, 225 U.S. 79, 89, 32 S.Ct. 659, 663, 56 L.Ed. 990.

The distinction, however, between the rights and remedies under an executed lease and those under an executory contract to subsequently make a lease, such as that set out in the complaint, entirely negatives the theory that the cases are analogous and renders the authorities relied upon by plaintiff inapplicable.

In 16 R.C.L., p. 553, Sec. 24, it is said: "There is a marked distinction as regards both the rights and liabilities of the parties between a lease and a mere agreement for a lease. Thus, where the proposed lessee refuses to take a lease in pursuance of his agreement to do so, an action will not lie against him to recover the rent which he was to pay. The reason for this rule is that an agreement for a lease vests no estate in the proposed lessee, and consequently the stipulated return cannot be recovered as rent."

In the latest edition of Thompson on Real Property (1940), Vol. III, p. 293, Sec. 1214, it is said: "Although the line separating present leases from agreements for a future demise is often difficult to distinguish, there is a marked difference in the rights of the parties under the two contracts. By a lease the lessee acquires an estate in the land, by an agreement for a lease he merely acquires an executory right to have the owner convey him an estate, for breach of which he has a claim for damages or a possible right to specific performance in equity."

Nothing is shown to indicate that the substantive law of Kentucky is not in full accord with these authorities.

Undoubtedly the contract described in the complaint relates to real estate which

is located in this district. It is equally clear, however, from the pleading and exhibits, that no present or subsisting lien or claim to property is asserted under the contract and that no such lien or claim is sought to be enforced as the result of it. The mere fact that a suit relates to or in some manner may affect real or personal property located within the district is not sufficient to bring it within the narrow confines of section 57, 28 U.S.C.A. § 118; Ladew v. Tennessee Copper Co., C.C., 179 F. 245, affirmed 218 U.S. 357, 31 S.Ct. 81, 54 L.Ed. 1069; Findlay v. Florida East Coast Ry. Co., 5 Cir., 68 F.2d 540, 542; Spellman v. Sullivan, D.C., 43 F.2d 762.

The only wrong complained of is the refusal of defendants to execute the lease. The only relief asked is that the defendants be compelled to execute the lease. This calls for a decree operative against the defendants in person and not otherwise. A suit thus limited in its object and aim is not within the scope of section 57 of the Judicial Code.

The point urged by plaintiff that, under Rule 70 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c a Federal Court has the power to make its in personam decree effective in respect to real estate or personal property, to which it relates, may not be questioned, but "It should be noted that Federal Rule 70, like Equity Rule 8, [28 U.S.C.A. following section 723c and section 723] presupposes that the Court has gained jurisdiction over the defendant." Moore's Federal Practice, Vol. 1, p. 352, Art. 4.33. The question of venue, when timely raised, lies at the threshold of the case, and if it be found lacking, jurisdiction to render any decree is precluded. The essentials of proper venue are not supplied by rules of procedure. Rule 82 provides: "These rules shall not be construed to extend or limit the jurisdiction of the district courts of the United States or the venue of actions therein."

The motion to dismiss the complaint should be sustained upon the ground that the venue of the action does not lie in this Court.

It is unnecessary to consider the question raised by defendants' challenge to the constitutionality of the Act of Congress of April 20, 1940.