# DAN COHEN REALTY CO. v. NATIONAL SAVINGS & TRUST CO. et al.

## No. 8912.

Circuit Court of Appeals, Sixth Circuit.

Jan. 14, 1942.

Thomas C. Lavery, of Cincinnati, Ohio (Alvin E. Evans, of Lexington, Ky., on the brief), for appellant.

Samuel M. Wilson and Angus MacDonald, both of Lexington, Ky. (Wilson & Harbison, of Lexington, Ky., on the brief), for appellees.

Before ALLEN, HAMILTON, and MARTIN, Circuit Judges.

MARTIN, Circuit Judge.

The sole question for decision is whether the United States District Court for Eastern Kentucky may entertain a civil action for specific performance of an informal agreement, reached by correspondence in writing, for the renewal lease of land within the district, when the action is brought by an Ohio corporation against citizens of the District of Columbia.

The District Court dismissed the complaint upon the ground that the venue of the action did not lie in that court. Dan Cohen Realty Co. v. National Savings & Trust Co. et al., D.C., 36 F.Supp. 536.

Appellant urges that jurisdiction was conferred upon the district courts of the United States over controversies of a civil nature involving the requisite sum or value between citizens of a state and citizens of the District of Columbia by virtue of Section 41, subdivision (1) (b) of Title 28, U.S.C.A., Act of April 20, 1940, c. 117, 54 Stat. 143; and that the venue was properly laid pursuant to Section 57 of the Judicial Code, 28 U.S.C.A. § 118, authorizing suits "to enforce any legal or equitable lien upon or claim to  *  *  *  real or personal property" in the Federal Court of the district within which the property is situated.

The land, with respect to which the informal executory agreement to lease was made, lies within the judicial district whose jurisdiction has been invoked. No lease to this land has been executed.

It is true, as contended by appellant, that in Kentucky "a lease is but a conveyance of an estate in realty" and "the lessee is as much the owner of the right of possession of the leased premises as the grantee in a deed is the owner of the freehold." Wherefore, if a landlord refuses to put his lessee in possession of the premises leased, an action for specific performance may be maintained. Mattingly's Executor v. Brents, 155 Ky. 570, 575, 159 S.W. 1157.

While it was said in Todd v. Lancaster, 104 Ky. 427, 430, 47 S.W. 336, that, as to suits against nonresidents, "the courts where the land is situated have jurisdiction to rescind the contract for fraud or other reason, or enforce its specific execution," actions for specific performance have been held in Kentucky to be transitory actions in personam and not actions in rem. Edwards v. Bernstein, 231 Ky. 100, 21 S.W. 2d 133.

There is a sharp and generally recognized distinction between the rights and liabilities created by an executed lease on the one hand and an executory contract to lease on the other. Thompson, Real Property (1940), Vol. III, page 293, § 1214; Tiffany, Landlord and Tenant, Vol. I, page 371; Hopkins, Real Property, pages 130, 131.

If the contracting parties manifest an intention of executing, subsequently, a formal lease with covenants, the agreement to lease is not a completed lease. See Elliott on Contracts, Vol. 5, § 4550.

An agreement to enter into a lease should not be enforced if any of the terms of the lease are left open to future settlement. Until the minds of the parties have met on all material matters, a court should not direct specific performance.

But assuming, without deciding, that the correspondence between the agents of the parties in the instant case brought the minds of the parties together in complete agreement upon the terms of a lease to be executed in the future, no legal or equitable lien upon land resulted.

As was stated by the District Court, 36 F.Supp. 536, 539: "The only wrong complained of is the refusal of defendants to execute the lease. The only relief asked is that the defendants be compelled to execute the lease. This calls for a decree operative against the defendants in person and not otherwise. A suit thus limited in

290

its object and aim is not within the scope of section 57 of the Judicial Code."

Our judgment, too, is that this action in personam cannot reasonably be construed to be a "claim to" real property within the Eastern District of Kentucky.

In National Surety Co. v. Austin Machinery Corporation, 6 Cir., 35 F.2d 842, 843, Judge Moorman wrote for this court: "It is a settled rule that the aims and objects of an action determine its character, and that a proceeding which aims at the person of the defendant and not at his property or some other thing within the power or jurisdiction of the court is not an action in rem." See, also, Hughes v. Hughes, 211 Ky. 799, 804, 278 S.W. 121, where suits for specific performance were classified as actions in personam.

■ We think Mr. Justice Sanford, when District Judge, gave a true interpretation when, in Ladew v. Tennessee Copper Co., 6 Cir., 179 F. 245, 251, he said: " * * * As the words 'claim to * * * property' are evidently used in contrast to liens or incumbrances upon property and are the only words in the section under which a claim to the direct ownership of property may be included, these words relate only to claims made to the property in the nature of an assertion of ownership or proprietary interest, or other direct right or claim to the property itself * * *." His judgment, denying jurisdiction over a nuisance abatement action, was affirmed by the Supreme Court. Ladew v. Tennessee Copper Co., 218 U.S. 357, 31 S.Ct. 81, 54 L.Ed. 1069.

An action in personam to impress an equitable lien upon a testamentary trust estate was held by the Court of Appeals for the Fifth Circuit not to fall within the venue provisions of Section 57 of the Judicial Code, 28 U.S.C.A. § 118. Findlay v. Florida East Coast Ry. Co., 5 Cir., 68 F.2d 540, 542.

The gist of the relief prayed in the instant case is for a personal decree against appellees, just as it was in the Fifth Circuit case. Therefore, no firmer ground upon which to base venue appears here than appeared there.

■ A civil action does not qualify as within the scope of Section 57 of the Judicial Code merely because a complainant asserts against defendants rights in personam growing out of or connected with property within the Federal District where the suit is brought. Spellman v. Sullivan, D.C., 43 F.2d 762, 764.

■ The distinction between local and personal actions has been long established. Casey v. Adams, 102 U.S. 66, 67, 26 L.Ed. 52. A suit to enforce a contract for the conveyance of land is a proceeding in personam and not in rem. Municipal Investment Co. v. Gardiner, C.C., 62 F. 954; Gotter v. McCulley, D.C., 292 F. 382.

In York County Savings Bank v. Abbot, C.C., 139 F. 988, a suit to enforce requirements of election under a lease was held not to fall within the jurisdiction conferred by a corresponding section to Section 57 of the Judicial Code. As was said in General Investment Company v. Lake Shore & Michigan Southern Railway Company, 260 U.S. 261, 280, 43 S.Ct. 106, 114, 67 L.Ed. 244, Section 57 "is confined to suits which are local in the sense of relating directly to specific property, real or personal, within the district of suit * * *." Cf. Jones v. Gould, 6 Cir., 149 F. 153; Vidal v. South American Securities Co., 2 Cir., 276 F. 855, 872; Shainwald v. Lewis, D.C., 5 F. 510.

In so far as Single v. Scott Paper Mfg. Co., C.C., 55 F. 553, urged upon us by appellant, construes a suit for specific performance of a contract to convey land as bringing the action within the sweep of Section 57, we are constrained to the opposite view.

■ We agree with the District Court that Rule 70 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, does not establish venue in the case at bar. Rule 82 expressly provides: "These rules shall not be construed to extend or limit the jurisdiction of the district courts of the United States or the venue of actions herein."

The judgment of the District Court is affirmed.