## CAMPBELL v. CITY OF HICKMAN.
### No. 123.

District Court, W. D. Kentucky.
July 1, 1942.

Alfred Holman, of Cincinnati, Ohio, for plaintiff.

W. J. Webb, of Mayfield, Ky., and W. J. McMurray, of Murray, Ky., for defendant.

MILLER, District Judge.

The plaintiff brought this action to enforce a judgment recovered by him on May 10, 1940 against the defendant City of Hickman, Fulton County, Kentucky, in the United States District Court for the Southern District of Ohio, Western Division. The prayer of the complaint asks for a writ of mandamus against the defendant requiring it to levy the necessary tax until the judgment is paid.

In the action filed in the United States District Court for the Southern District of Ohio the plaintiff alleged that he was the owner to the extent of $26,000 of funding bonds issued by the defendant on March 1st, 1929, due March 1, 1949, bearing 6% interest per annum payable semi-annually on March 1st and September 1st of each year; that on September 1st, 1933, the defendant unlawfully cast a cloud on the title of said bonds, destroying the market value therefor, and seeking to render them valueless by refusing to pay the interest due thereon, denying its lawful obligation to levy the tax covenanted in all of said bonds. It was alleged that the bonds were lodged in Cincinnati, Ohio. The action was filed under the provisions of Section 57 of the Judicial Code, Section 118, 28 U.S.C.A. The plaintiff prayed for judgment providing that the bonds and coupons were valid obligations of the defendant; that the defendant remove the cloud cast by it on the title and validity of said bonds and coupons by levying the necessary tax sufficient to pay the interest past due and unpaid, and to create the necessary sinking fund with which to redeem the principal amount of the bonds at maturity; and that he recover of the defendant the

518

amount of the unpaid interest. Service of process on the City of Hickman was made outside of the Southern District of Ohio, but in accordance with the provisions of Section 57 of the Judicial Code. The judgment as entered, after various recitals, merely provided as follows:

"Now Therefore, Judgment is hereby entered for plaintiff against defendant in the amount of $13,305 with interest thereon at 6% per annum until paid; for his costs, and is entitled to execution thereon as by law provided in such cases."

In the present action the defendant filed an answer which by the first four paragraphs thereof asserted that the petition failed to state a cause of action, that there was a defect of parties defendant in failing to make the members of the Board of Council of the City of Hickman parties thereto and that the judgment sued thereon was void. A certified copy of the record in the Ohio case was filed as exhibit. By paragraphs 5 through 14 of its answer the defendant asserted that the bonds were invalid. The plaintiff has moved that the court hold paragraphs 1 to 4 of the answer insufficient to constitute a valid defense as a matter of law, and to strike paragraphs 5 through 14. The defendant has moved to dismiss the action and for judgment on the pleadings and exhibits.

■ Plaintiff's motion to strike paragraphs 5 through 14 of the answer should be sustained. The action is one to enforce the judgment recovered by the plaintiff in the United States District Court in the Southern District of Ohio. It is not a suit on the bonds owned by the plaintiff. If that judgment is a valid one the merits of the controversy are not before this court. Dickson v. Wilkinson, 3 How. 57, 11 L.Ed. 491. If that judgment is a void one the matter as presented by paragraphs 5 through 14 are immaterial and irrelevant as no attempt is made in this action to recover upon the bonds themselves.

■ Section 57 of the Judicial Code provides for the filing of an action in any District Court of the United States "to enforce any legal or equitable lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to real or personal property within the district where such suit is brought" and to bring nonresident defendants into the action by constructive service or by service outside of the district in which the suit is brought. But plaintiff's reliance upon this statutory procedure to support the judgment in personam rendered in that case is not justified. The action was certainly not one to enforce any legal or equitable lien upon real or personal property. I can not agree with plaintiff's contention that the failure of the City of Hickman to pay the interest coupons maturing on and after September 1, 1933, creates any cloud upon the title to the bonds in question. It may destroy their value and render them poor investments, but it does not affect the title of the person owning them. But regardless of the fact that the action was not one within the terms of the statute, the plaintiff fails to give consideration to the following provision of the statute respecting the effect of any judgment rendered in such a proceeding, namely, "but said adjudication shall, as regards said absent defendant or defendants without appearance, affect only the property which shall have been the subject of the suit and under the jurisdiction of the court therein, within such district." It is well settled that a proceeding under Section 57 of the Judicial Code does not authorize the entry of a judgment in personam against an absent defendant who has not entered his appearance, regardless of the fact that he may have been proceeded against in accordance with the terms of the Statute. Clarke v. Boysen, 10 Cir., 39 F.2d 800, 815; Findlay v. Florida East Coast Ry. Co., 5 Cir., 68 F.2d 540; Wilhelm v. Consolidated Oil Corp., 10 Cir., 84 F.2d 739, 745, 746; McQuillen v. Dillon, 2 Cir., 98 F.2d 726, 729; Dan Cohen Realty Co. v. National Savings & Trust Co., D.C.E.D. Ky., 36 F.Supp. 536. In the opinion of the Court the judgment sued on herein, insofar as it attempts to operate in personam against this defendant, is void, and can not be enforced in this action.

Defendant's motion for judgment upon the pleadings and exhibits is sustained.