**Eugene D. HEGARTY, Plaintiff,**

v.

**Morris F. LUFF, Willard J. Luff and John W. Slacks, Defendants.**

**Civ. A. No. 1993–57.**

United States District Court
District of Columbia.
Oct. 17, 1958.

Tyler & Stetter, Washington, D. C., for plaintiff.

Richard Merrick, John W. Jackson, Washington, D. C., for Morris Luff.

R. Sidney Johnson, J. Richard Earle, Washington, D. C., for Willard Luff and John Slacks.

TAMM, District Judge.

The plaintiff, Eugene D. Hegarty, has brought suit against three defendants for the payment of an arbitrator's fee. The three defendants are Morris Luff of Washington, D. C., Willard J. Luff, who resides in Maryland and who is employed in Pennsylvania, and John W. Slacks of Arizona. The defendant, Morris Luff, was served personally within this jurisdiction.

Upon motion of the plaintiff, summary judgment was entered by the Court in favor of the plaintiff against the defendant Morris Luff in the amount of $6,378, said sum to be paid to the plaintiff from a fund of $20,000 that had been deposited in the Registry of the Court. This fund was created pursuant to an order of Court on January 30, 1958 in Civil Action 557–55.

The plaintiff also petitioned the Court for an order directing the two remaining defendants to appear, plead or answer, in accordance with § 1655, Title 28 United States Code.

"§ 1655. Lien enforcement; absent defendants

"In an action in a district court to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property within the district, where any defendant cannot be served within the State, or does not voluntarily appear, the court may order the absent defendant to appear or plead by a day certain.

"Such order shall be served on the absent defendant personally if practicable, wherever found, and also upon the person or persons in possession or charge of such property, if any. Where personal service is not practicable, the order shall be published as the court may direct, not less than once a week for six consecutive weeks.

"If an absent defendant does not appear or plead within the time allowed, the court may proceed as if the absent defendant had been served with process within the State, but any adjudication shall, as regards the absent defendant without appearance, affect only the property which is the subject of the action. When a part of the property is within another district, but within the same state, such action may be brought in either district.

"Any defendant not so personally notified may, at any time within one year after final judgment, enter his appearance, and thereupon the court shall set aside the judgment and permit such defendant to plead on payment of such costs as the court deems just. June 25, 1948, c. 646, 62 Stat. 944."

This petition was granted, and personal service was made upon the defendant Willard J. Luff in Pennsylvania and upon the defendant John W. Slacks in Arizona. These non-resident defendants now ask this Court to vacate the order entered under § 1655, Title 28 U.S.C. and to quash the service of process. The plaintiff has filed opposition to said motion. A hearing was afforded the parties, at which time arguments were presented.

The main grounds relied upon by these defendants in support of their motion are that this is not a proceeding to enforce a lien upon, or claim to, or to remove any incumbrance or lien or cloud upon the title to real or personal property within the district within the meaning of the pertinent statute and that the plaintiff's cause of action is "in personam" and, therefore, personal service within this jurisdiction must be obtained upon these non-resident defendants to bring them within this Court's jurisdiction.

The plaintiff, in opposing the motion of these defendants, relies upon Title 28 U.S.C. § 1655 and alleges that he comes

within the scope of the statute by virtue of having a lien and making a claim to "personal property within the jurisdiction." The plaintiff also denies that this proceeding is "in personam."

The determination of two questions will lead to an answer in the present controversy. First, is the action presently pending "in personam"? Second, does the plaintiff have a "lien" or "claim" *within the meaning of the statute?* ·

The plaintiff is seeking to collect a fee for services that he rendered as an arbitrator, pursuant to a written agreement between him and the three defendants. There seems to be no dispute that these services were rendered, although no fee was set by this contract as payment to the arbitrator. Thus, the plaintiff may be classed as a contract creditor.

This leads to a determination or resolving of the first question presented, for in order for the plaintiff to accomplish service under the provisions of Title 28 U.S.C. § 1655, the proceedings cannot be "in personam." While not every action in rem is within the descriptive terms of the statute * * * it has been generally held that the statute contemplates only actions which under traditional concepts may be classed as actions in rem or quasi in rem, and not one which under these concepts is labeled an action in personam where jurisdiction of the person of a necessary party is essential. It has been sometimes said that the statute applies to "local" but not to transitory actions.

"The Statute is not applicable in any sort of a lawsuit merely because property of a defendant may be found within the district. Nor may a case be brought within the statute because the plaintiff asserts rights in personam against the defendant growing out of or connected with property within the district of the suit. Jurisdiction under the statute is limited to suits to enforce a lien upon or claim to property within the district of suit, or to remove an encumbrance, lien or cloud upon the title to such property. In order to invoke such jurisdiction, a party must have a specific lien on or a specific claim to specific property located within the district of the suit * *

"It has been generally, though not uniformly held that a 'claim' within the meaning of the statute is only a claim existing anterior to the commencement of a suit, and not one caused by or arising out of the institution of the suit itself." 30 A.L. R.2d 218, 220.

In the case of Dan Cohen Realty Co. v. National Savings & Trust Co., 6 Cir., 125 F.2d 288, at page 289, the Court wrote:

"As was stated by the District Court, 36 F.Supp. 536, 539: 'The only wrong complained of is the refusal of the defendants to execute the lease. The only relief asked is that the defendants be compelled to execute the lease. This calls for a decree operative against the defendants in person and not otherwise. A suit thus limited in its object and aim is not within the scope of section 57 of the Judicial Code.' "[1]

And at page 290:

"A civil action does not qualify as within the scope of Section 57 of the Judicial Code merely because a complainant asserts against defendants rights in personam growing out of or connected with property within the Federal District where the suit is brought."

In Volume 2 of Moore's Federal Practice, at page 1009, it is stated:

"To make a case within the provisions of the statute the relief sought must be against the property and not an in personam judgment against the defendant. Thus it is held that an action for specific performance of a contract to make a

1. The present code provision, T. 28 U.S.C. § 1655, was based on T. 28 U.S.C.1940 Ed., § 118 (Mar. 3, 1911, Ch. 231, § 57, 36 Stat. 1102) (Derived from R.S. §§ 738, 742).

lease, or for damages for breach of the contract, is an in personam action against the defendant, and not within the scope of § 118."

The plaintiff in the present suit is asking for a money judgment against the defendants for services that he performed in their behalf. The action is aimed basically at the defendants and secondarily at the fund. That is, the action is primarily brought to compel the defendants to pay the fee claimed; and it points out the fund in the Registry is a "res" out of which satisfaction may be obtained. But this "satisfaction" or action against the fund must be predicated upon an established claim against these defendants. Thus, the action is essentially aimed or directed against the defendants and is, therefore, a proceeding "in personam."

This leads to a determination of the second question—does the plaintiff have a "lien" or "claim" *within the meaning of the statute?*

The only theory advanced by the plaintiff by which he could claim any kind of a lien is that he has an arbitrator's lien. In the plaintiff's opposition to the present motion of the defendant, he writes as follows: "3 Am.Jur. 926, Arbitration and Award, Sec. 97—Lien for Fees—'It is uniformly held that Arbitrators have a lien on their award for their fees and may withhold it from the parties until payment is made or the matter of fees is determined by a court.'" Conceding that what the plaintiff states is correct but without determining whether it is a lien within the meaning of Title 28 U.S.C. § 1655, the plaintiff in the present case does not have any such lien. The section from which the plaintiff quotes goes farther and states: "Such action by the arbitrators will not invalidate an award, even though it is withheld beyond the period fixed for its delivery. *The lien is a possessory one, however, and terminates if the award is relinquished by the arbitrators.*" (Emphasis supplied).

In the case of Flanagan v. Northern Lumber Co., D.C., 17 F.R.D. 432, 28 U.S. C. § 1655 was involved in a determination of the suit. The Court, at page 434, writes:

"At best, Northern is a contract creditor of the transferor of the property mentioned here. Its rights are well expressed in the quotation from Pusey & Jones Co. v. Hanssen, 261 U.S. 491, 497, 43 S.Ct. 454, 455, 67 L.Ed. 763.

"'But an unsecured simple contract creditor has, in the absence of statute, no substantive right, legal or equitable, in or to the property of his debtor. This is true, whatever the nature of the property, and although the debtor is a corporation and insolvent. The only substantive right of a simple contract creditor is to have his debt paid in due course.'"

And at page 435:

"* * * it is sufficient to conclude that the great weight of authority is to the effect that the moving party is entitled to the order sought only when the lien or claim sought to be enforced exists prior to the commencement of the action. There must be a specific lien or claim against specific property."

In the case of Vidal v. South American Securities Co., 2 Cir., 276 F. 855, the court discussed the word "claim" as used in § 57 of the Judicial Code, which was a re-enactment of § 8 of the Act of March 3, 1875, and in turn, a forerunner of the present § 1655. The Court writes at page 871:

"The term 'claim,' as used in the section, is the right to lay claim to specific property which is in another's possession * * *

"As quoted by Jacobs from Plowden, giving the definition of Chief Justice Dyer, it is 'a challenge of the ownership of property that one hath not in possession but which is detained from him by wrong.' In Silliman v. Eddy, 8 How.Prac., N.Y., 122, 123, the word 'claim' is defined to mean 'a demand of anything that is in the possession of another.' The

term 'claim' must be construed in the light of the context, and so construed it cannot be understood as giving to a mere general creditor a right to sue a nonresident in any district in which he can find any property belonging to his debtor when he himself has no lien and no claim of ownership in the property to assert. It has been held that where the plaintiff has no special claim against the property, or any right in or to it different from any other general creditor of the defendant, or any one having a right to sue the defendant in tort, he cannot use the existence of the property within the district as a basis for bringing his suit within it against a defendant who is not an inhabitant of the district or found in the district or does not voluntarily appear therein. George v. Tennessee Coal, Iron & R. Co., C.C., 184 F. 951.

"In Ladew v. Tennessee Copper Co., C.C., 179 F. 245, 251, Judge Sanford, construing section 57 and the words 'claim to * * * property', said that—

They are evidently used in contrast to liens or incumbrances upon property and are the only words in the section under which a claim to the direct ownership of property may be included, these words relate only to claims made to the property in the nature of an assertion of ownership or proprietary interest, or other direct right or claim to the property itself, such, for example, as the claim of ownership of an undivided interest in the property upon which a suit for partition may be based, * * * and do not include the assertion of a right which is not based upon an interest in the property itself, but seeks merely to enforce a restriction which the law imposes upon the owner of the property in reference to its proper use.'

In the cited case, the plaintiff alleged that under an agreement with one Bright, he, the plaintiff, was entitled to thirty percent of the profits to be realized by Bright from the sale which Bright made of a railroad concession granted by Uruguay to one Juan Castro. The trial court found for the complainant, but the appellate court reversed with directions to dismiss the complaint and cross-bills for want of jurisdiction.

■ Here, although the plaintiff has a claim against the defendants for services rendered, it is not a claim within the meaning of the statute. He stands in no better position than a contract creditor whose claim has been determined to be short of that required by Title 28 U.S.C. § 1655.

As stated previously, this Court concludes that this action is "in personam" and this precludes the invoking of the statute in question, and the Court also finds that the plaintiff does not have a claim or lien within the meaning of the statute.